ALLEN
v.
THAXTER.

---

## ALLEN, Administrator, v. THAXTER, Executor.

Covenant on a deed averred in the declaration to have been executed for the obligor by his attorney in fact: *Held*, that a plea denying the attorney's authority must be verified by affidavit.

If the clerk's certificate, attached to the copy of a record of a Court of another state, have not the seal of the Court or officer granting the letters testamentary, the copy is not admissible as evidence.

1b 399
137 444

ERROR to the *Daviess* Circuit Court.—Covenant by *Thaxter*, executor of *Bond*, against *Allen*, administrator of *Gardner*. The declaration averred the deed to the testator, on which the suit was founded, to have been executed for *Gardner* by *Prentiss* his attorney in fact. The defendant below, inter alia, pleaded in bar, 1st, that *Prentiss* was not authorized to execute the deed; 2dly, that the plaintiff ne unques executor (1). The first of these pleas was rejected on motion, because it was not verified by affidavit. Issue was joined on the second plea, a jury dispensed with by consent, and judgment rendered for the plaintiff in the Circuit Court.

Tuesday,
November 22.

BLACKFORD, J.—By the plea which denied the authority of *Prentiss*, proof was required of the execution of the deed. No such plea, according to the statute, can be received without affidavit. Stat. 1823, p. 292. The Court did right in rejecting it. To prove himself executor, the plaintiff offered in evidence a copy of letters testamentary from a Probate Court of *Massachusetts*. It was objected to for a defect in the clerk's certificate, but the objection was overruled. This certificate of the clerk, without the seal of the Court, or officer granting the letters testamentary, is not sufficient either by the act of congress or the statute of our own state (2). The evidence ought not to have been admitted.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the issue are set aside, with costs de bonis testatoris. Cause remanded, &c.

*Judah*, for the plaintiff.
*Naylor*, for the defendant.

Nov. Term,
1825.

(1) Quære, whether this plea should not have been in abatement. The plea in *Weathers* v. *Newman*, ante, p. 232, was in bar; but vide note to that case.

(2) Vide *Henthorn* v. *Doe*, ante, p. 157, and notes 1, 2.—Stat. 1828, p. 46.