THOMAS *v.* REISTER, Administrator.

The administrator of the legal holder of a note, has the right to assign it.

In a suit brought upon a note by the assignee of an administrator, a plea alleging that the right of the administrator to make the assignment had ceased before he made it, is a special plea of non-assignment, and must, under the R. S. 1843, be verified by oath.

When the general issue and a special plea are filed to the action, and the matter alleged in the special plea is admissible under the general issue, the defendant cannot complain that a demurrer to the special plea was improperly sustained.

While the rule of practice in the Supreme Court was, that objections to evidence should be pointed out at the trial, or otherwise the overruling of them could not be assigned for error, objections were made to evidence

May Term, 1852.

THOMAS
v.
REISTER.

Saturday,
May 29.

without stating the grounds. *Held*, that the objections could not be noticed on error.

ERROR to the *Ohio* Circuit Court.

PERKINS, J.—*Augustus Igoe* brought an action of debt against *James Thomas*, declaring that said *Thomas*, on the 10th day of *June*, 1835, at *Baltimore*, &c., to-wit, at, &c., made his promissory note to *Nancy* and *Ruth Sampson*, promising to pay them 200 dollars, one day after date; that, afterwards, on, &c., said *Nancy* died, leaving said *Ruth* surviving, and that, subsequently to the death of said *Nancy*, on, &c., at the county of *Baltimore*, state of *Maryland*, said *Ruth* departed this life; that, afterwards, on the 30th day of *September*, 1839, *Jeremiah Ducker* was, by the Orphans' Court in said county of *Baltimore*, appointed administrator on said *Ruth's* estate; that said administrator afterwards, on the 27th of *May*, 1847, indorsed said note to the plaintiff, &c., and that it was not paid, &c. *Igoe* died pending the suit, and *James M. Reister*, his administrator, became a party to and prosecuted it. The defendant, *Thomas*, appeared and pleaded: 1. The general issue; 2. That *Ruth Sampson* did not survive *Nancy;* and 3. That *Ducker* was not appointed administrator upon *Ruth's* estate. He also pleaded three additional pleas, each, in substance, alleging that *Ducker* had ceased to be administrator at the time of the assignment of the note in suit. These pleas last mentioned were not sworn to and were rejected on motion. Issues of fact were formed upon the other pleas, were submitted to the Court for trial, and a judgment was rendered for the plaintiff.

The evidence is upon the record. The plaintiff introduced a note and assignment corresponding with those alleged in the declaration. He proved that *Ruth* was the survivor in life of *Nancy Sampson*, and he gave in evidence the following certificates:

The state of *Maryland*, *Baltimore* county, to-wit: The subscriber, register of wills for *Baltimore* county, doth hereby certify that it appears by the records in his office, that letters of administration of all the goods, chattels,

May Term,
1852.

Thomas
v.
Reister.

credits, and personal estate of *Ruth Sampson*, deceased, were, on the 30th day of *September*, in the year of our Lord one thousand eight hundred and thirty-nine, granted and committed unto *Jeremiah Ducker*, who was then and there appointed administrator of the said deceased.

"In testimony whereof I hereunto subscribe my name and affix the seal of my office, this 6th day of *July*, in the year of our Lord eighteen hundred and forty-seven. [Seal]. Test: *D. M. Perine*, register of wills for *Baltimore* county.

"*Maryland*, sct.: I, *Edward D. Kemp*, presiding justice of the Orphans' Court for *Baltimore* county, in the state aforesaid, do certify that the foregoing attestation of *Daniel M. Perine*, register of wills for said county, is in due form and by the proper officer. Given under my hand, at the city of *Baltimore*, this 6th day of *July*, in the year of our Lord one thousand eight hundred and forty-seven. *E. D. Kemp.*"

To the introduction of all of which evidence, being all that was offered on the trial, the defendant objected generally, but the Court overruled the objection.

The plaintiff in error contends:

1. That the admininistrator did not possess the power, by virtue of his office, to assign the note in question. He is wrong in this. On the death of the holder of the legal title to a note or bill of exchange, the right of transfer vests in his executor or administrator. Chitty on Bills, 225.

2. He insists that the Court erred in sustaining the motion to set aside the pleas alleging the cessation of the power, if it once existed, of the administrator to assign the note. In this we think he is mistaken. Those pleas were special pleas of non-assignment and should have been verified by oath. They alleged that the right of administrator to assign had ceased before he made the supposed assignment. If the allegation was true no legal assignment had been made. The case resembles *Allen* v. *Thaxter*, 1 Blackf. 399. That was covenant on a deed averred to have been executed by an attorney in fact. Plea, that the attorney was not authorized to exe-

cute the deed. It was held that this amounted to a plea of *non est factum*, and was bad for want of an affidavit of its truth. See, also, *Hagar* v. *Mounts*, 3 id. 57. But, if we· are wrong in the above view, if those pleas were not pleas of non-assignment, that is, if the matter of defense set up by them was not necessarily brought forward by a plea, in effect, of non-assignment, then the matter was admissible and should have been offered under the general issue in disproof of the title of the plaintiff to, and right to sue on, said note; and hence, the plaintiff in error need not have been injured by the disposition made of said pleas, and cannot now complain of it (1).

3. It is urged that the Court should not have admitted in evidence the certificate of the register of wills of *Baltimore* county, *Maryland*, to the fact that *Ducker* was appointed administrator. We think that paper informal. Properly, the register should have copied the record-entry of *Ducker's* appointment and certified it as a true copy. But we regard the paper as admitted in evidence without objection. This Court has repeatedly decided that a general objection to evidence, such as that made in this case, would not be noticed. *Galbreath* v. *Doe*, 8 Blackf. 366. That was the rule of practice when this cause was tried in the Circuit Court, and, we doubt not, it presents an instance where right is promoted by its application.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*D. Kelso* and *A. C. Downey*, for the plaintiff.

*J. W. Spencer*, for the defendant.

(1) See *Carter* v. *Thomas*, *ante*, p. 213, and note; *Cheek et al.* v. *Glass, ante*, p. 286; and *Jones et al.* v. *Ransom, ante*, p. 327.