May Term, 1858.

PATTERSON v. THE STATE.

*W. C. Wilson* and *G. Gardner,* for the appellee.

---

PATTERSON and Another *v.* THE STATE.

In a suit upon a forfeited recognizance, where judgment was taken *nil dicit,* it cannot be objected on appeal that the recognizance was defective.

By the statute, the plaintiff or relator, in a suit upon a defective recognizance, may suggest the defect in his complaint, and recover to the same extent as if the recognizance were perfect; and the failure to make such suggestion in the first instance, can always be cured by amendment.

In this case, the sheriff's deputy returned the recognizance thus: "Taken and approved by me, this 20th day of *October,* 1852. *Wm. J. McIntosh,* sheriff; by *John Cole,* deputy."

*Held,* 1. That the return was good.

2. That if the defendant wished to put in issue the deputy's authority, he should have raised his objection by answer.

Where there is a good complaint, the name of the action is immaterial. An objection to a matter of form, is waived by proceeding in the cause without raising the objection.

*Monday, May 31.*

APPEAL from the *Greene* Circuit Court.

PERKINS, J.—Suit upon a forfeited recognizance. The recognizance reads thus:

"Know all men by these presents that we, *James W. Mc-Allister* and *Thomas Patterson*, acknowledge ourselves to owe and be indebted unto said state, in the penal sum of 500 dollars, to be levied of our goods and chattels, lands and tenements, if default be made in this condition, to-wit:

"The condition of this recognizance is such, that if the said *James Wesley McAllister* will well and truly appear before the judge of the *Greene* Circuit Court, on the first day of the term of the Circuit Court to be held at *Bloomfield* in *Greene* county, *Indiana*, and then and there answer the state of *Indiana* on a charge of grand larceny, and also then and there abide the order and determination of said Court, and not depart without leave thereof, then this recognizance to be null and void, otherwise to be and remain in full force and virtue in law and equity.

"Witness our hands and seals, this 19th day of *October*, 1852. [Signed,] *James W. McAllister*, [SEAL.]
*Thomas Patterson*, [SEAL.]"

"Taken and approved by me, this 20th day of *October*, 1852. *Wm. J. McIntosh*, sheriff, by *John Cole*, deputy."

The recognizance is set out, in *hæc verba*, in the complaint which is called, and is in the form of, a *scire facias*.

The suit was instituted after the 6th of *May*, 1853. The complaint, or *scire facias*, set out the charge, the writ, the taking of the recognizance, its forfeiture, &c.

The defendants appeared, pleaded, appeared again, withdrew their plea, but not their appearance, and suffered judgment *nil dicit*.

The appellants seek to reverse that judgment on these grounds:

1. That the recognizance is defective.

2. That it appears to have been taken by a deputy, and there is no averment that the deputy had been legally appointed.

3. That the suit should have been an action of debt, pursuant to § 48, 2 R. S. p. 366, and not a *scire facias* on the recognizance.

To the first objection, if true in point of fact, the following section of the statute is a complete answer:

" No official bond entered into by any officer, nor any bond, recognizance or written undertaking taken by any officer in the discharge of the duties of his office, shall be void for want of form or substance, or recital, or condition, nor the principal or surety be discharged; but the principal and surety shall be bound by such bond, recognizance, or written undertaking, to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance. In all actions on a defective bond, recognizance, or written undertaking, the plaintiff or relator may suggest the defect in his complaint, and recover to the same extent as if such bond, recognizance, or written undertaking were perfect in all its parts." 2 R. S. p. 213, § 790.

The failure to make any such suggestion in the first instance, could always be cured by amendment.

As to the second objection, the return is made precisely as it should be, when a recognizance is taken by a deputy. Gwynne on Sheriffs, 450. See 2 R. S. p. 11, § 4. And if the defendant wished to put in issue the deputy's authority, in the given case, to serve the writ and take the recognizance, he should have raised the objection, at all events, by answer. See *Allen* v. *Thaxter*, 1 Blackf. 399; *Thomas* v. *Reister*, 3 Ind. R. 369. Perhaps he should have moved, in the first instance, to have been discharged from arrest.

But suppose the service was by a special deputy, appointed simply to execute the writ in the given case. See *The New Albany, &c., Co.* v. *Grooms*, 9 Ind. R. 243.

The third objection goes to a mere matter of form, or name. The *scire facias* contains all the allegations of a good complaint. It is not material by what name the action is called. A mere matter of form is waived by proceeding in the cause below without raising the objection.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*H. L. Livingston* and *I. Blackford*, for the appellants.

*D. C. Chipman*, for the state.