Rauber *et al. v.* Whitney *et al.*

Filed June 24, 1890.

———◆———

No. 14,461.

### RAUBER ET AL. *v.* WHITNEY ET AL.

PLEADING.—*Plea in Abatement.—Non-Residence of Defendants.*—A plea in abatement, in an action of replevin, is good which avers that the defendants were residents of the State of Ohio; that none of them resided in Tipton county, Indiana, where the suit was instituted, and that none of them had ever resided in that county, or were served with process therein. If the property which the plaintiffs were seeking to recover was not in that county, and the defendants being non-residents of the State had never been found therein, the Tipton Circuit Court *prima facie* had no jurisdiction.

SAME.—*Answer.—Service upon Agents.*—An answer to such a plea in abatement is good which avers that the defendants had a store in Tipton county, Indiana, where the action was commenced; that the cause of action grew out of, and was connected with, the business of the defendants in that county, and that process was served upon the agents of the defendants, in that county, in charge of their said business. See section 309, R. S. 1881.

From the Tipton Circuit Court.

*W. R. Oglebay, G. H. Gifford* and *J. M. Fippen,* for appellants.

COFFEY, J.—This was an action brought by the appellants against the appellees to recover the possession of certain goods described in the complaint. The complaint alleged that the appellees were doing business in Tipton county, Indiana, under the firm name of Whitney, Bowen & Company, and that they had possession of said goods without right, and unlawfully detained the same from the appellants.

The appellees filed a plea in abatement, substantially as follows: That at the time of the commencement of the action each and all of the appellees were, and for many years prior thereto had been, and still are, residents of the city of Cleveland, in the State of Ohio; and that neither before, nor at the time, nor since the filing of the cause of action, were appellees, or either of them, residents of the county of Tipton, in the State of Indiana; that at the time of the commencement of the action appellees were, and still are, partners in and doing business in the firm name of Whitney, Bowen & Company, in said city of Cleveland, in the State of Ohio; that this is an action of replevin, and that no demand has ever been made of them for any goods or chattels of any kind or nature in Tipton county, Indiana, and that no summons or other writ of any kind or nature has ever been served on them, or either of them, of the filing or pendency of said action, nor have they, or either of them, received any notice whatever of the filing of said complaint; that they have not been in Tipton county since said complaint was filed, nor have they, or either of them, ever resided in said Tipton county.

To this plea in abatement the court overruled a demurrer, whereupon the appellants filed an answer, substantially as follows: That the appellees had an agency, store or office in Tipton, Tipton county, Indiana, for the transaction of business, to wit, the buying and selling of ladies', men's and chil-

dren's boots and shoes; that this cause grows out of, and is connected with, the business of such store, office or agency, and that service of process was duly and legally made upon the appellees by reading the writ to and within the hearing of Frank Short and William Funke, agents of the appellees, in charge of said store, office or agency more than ten days before the day set for the hearing of this cause by the sheriff of Tipton county, in the State of Indiana, and due return thereof made.

To this answer the court sustained a demurrer, and the appellants failing and refusing to plead further, the court entered a judgment abating the action.

The errors assigned call in question the correctness of the rulings above set forth.

We do not think the court erred in overruling the demurrer to the plea in abatement. It is not averred in the complaint that the property was unlawfully detained in Tipton county. It is averred in the plea in abatement that the appellees were residents of the State of Ohio, and that none of them resided in Tipton county, and that none of them had ever been in that county, or were served with process therein. If the property which the appellants were seeking to recover was not in that county, and the appellees, being non-residents of the State, had never been found therein, the Tipton Circuit Court *prima facie* had no jurisdiction. Such being the case the court did not err in overruling the demurrer to the plea in abatement.

We think, however, that the court did err in sustaining the demurrer to the answer to the plea in abatement.

Section 309, R. S. 1881, is as follows: " When a corporation, company, or an individual has an office or agency in any county for the transaction of business, any action growing out of, or connected with, the business of such office, may be brought in the county where the office or agency is located, at the option of the plaintiff, as though the principal resided therein ; and service upon any agent

or clerk employed in the office or agency shall be sufficient service upon the principal; or process may be sent to any county, and served upon the principal."

It appears by the answer to the plea in abatement that the appellees had a store in the town of Tipton, in Tipton county, in this State, where the action was commenced; that the cause of action grew out of, and was connected with, the business of the appellees in that county, and that process was served upon the agents of the appellees in that county in charge of their said business. This conferred jurisdiction on the circuit court of Tipton county, and for that reason the ruling of the circuit court was erroneous.

Judgment reversed, with directions to overrule the demurrer to the appellants' answer to the plea in abatement, and for further proceedings.

Filed Sept. 26, 1890.