No. 16,755.

## CONKEY v. CONDER ET AL.

JUDGMENT.—*Action to Enjoin Collection and Declare Null and Void.—Summons.—Sufficiency of Notice.*—The collection of a judgment will not be enjoined, and the judgment set aside as null and void, as being rendered without sufficient notice, where it appears that the judgment defendants were not residents of the county in which the judgment was rendered, but were partners doing business in the county, and had offices or places of doing business in the county, and that summons was served upon at least two of defendant's agents, or clerks, as contemplated by statute.

RECORD.—*Appeal.—Transcript.—Omission of Seal from Clerk's Certificate.*—Where the clerk's certificate of the transcript does not have the seal of the court attached, no error in the decision of the court is brought to the attention of the Supreme Court.

From the Pike Circuit Court.

*J. S. Buchanan, C. Buchanan, F. B. Posey* and *D. Q. Chappell,* for appellant.

*G. B. Ashby* and *W. J. Thurman,* for appellees.

HOWARD, C. J.—This was an action by appellant against appellees.

The complaint was in two paragraphs.

The first paragraph was in the nature of an equity proceeding to enjoin the collection of a judgment and to have the judgment declared null and void.

In the second paragraph there was a demand to have the judgment set aside and the case reopened, with leave to defend against the claim of appellees.

The judgment sought to be set aside had been obtained in 1882, by appellees against appellant and his co-partner, James Donegan; and the reason given for claiming that the judgment should be held void is that neither appellant nor his co-partner was ever served with process in the action in which such judgment was obtained. The

sheriff's return showed that appellant and his partner were served by reading the summons "to and in the presence of George Haines, J. Morlan and Hiram Wilson, their agents, doing business for them and in their names in the construction of the Louisville, Evansville and St. Louis Railroad, in Pike county, Indiana."

By section 310, Burns' Rev. 1894, it is provided that "When a corporation, company, or individual has an office or agency in any county for the transaction of business, any action growing out of, or connected with, the business of such office may be brought in the county where the office or agency is located, at the option of the plaintiff, as though the principal resided therein; and service upon any agent or clerk employed in the office or agency shall be sufficient service upon the principal; or process may be sent to any county, and served upon the principal."

As it is admitted that appellant and his partner were not residents of Pike county, it is clear that the service shown in the return of the sheriff must be held good, unless it should appear that the persons served as agents were not, in fact, agents or clerks of appellant and his partner, as contemplated in the statute.

The court found for the appellees.

In this appeal the only contention of appellant is that the evidence does not sustain the finding and judgment of the court.

The evidence shows, without doubt, that appellant and Donegan were partners doing business as contractors in the building of the railroad named, and that they had offices or places of doing business in Pike county in the year 1881.

There is some conflict in the evidence as to whether the persons named in the sheriff's return were, in fact, the agents of appellant and Donegan. We think, how-

ever, that there was clear and positive evidence from which the court might conclude that at least two of these persons, Haines and Wilson, were such agents or clerks, in the sense contemplated in the statute. That being so, the court could only find that the judgment rendered in 1882 must stand as good.

Counsel for appellees insist, in addition, that the transcript shows on its face that there is no question before the court on this appeal, for the reason that there is no seal attached to the certificate of the clerk. An inspection of the transcript shows that the certificate of the clerk, while stating that the seal of the court is affixed thereto, is, in fact, without any such seal. The certificate is signed by the clerk of the Pike Circuit Court. The statute, however, section 661, R. S. 1894, requires that the transcript shall be "certified and sealed."

By section 454, R. S. 1894, it is provided that "there shall be no difference in evidence between sealed and unsealed writings."

But, by section 457, of the same statutes, it is declared that this provision shall not "affect any statute of this State expressly requiring a seal to a deed or other instrument."

A court speaks by its record, and the record is authenticated by the certificate of the clerk and the seal of the court.

It was said, in *Jump* v. *Batton's Cred.*, 35 Mo. 195, that the omission of a seal to a writ makes the writ irregular, but not void, and that it may be amended by affixing the seal pending a motion to quash. No effort, however, has been made in this case to have the record perfected by causing the seal of the court to be affixed to the transcript. See, also, *Jackson* v. *Van Devender, Guar.*, 76 Ind. 27.

In *Den* v. *Bank of Cape Fear* (N. C.), 22 Am. Dec.

722, it is said that a seal is necessary on all writs, except only those that issue to the county of the court to which they are returnable.

In this State, the seal of the court should be placed on all writs and other papers that go out from the court, except, perhaps, subpœnas for witnesses; although, under provisions of section 319, R. S. 1894, failure to affix the seal to a summons will not render it invalid. *State* v. *Davis*, 73 Ind. 359.

In *Garland* v. *Britton*, 12 Ill. 232, it was held that the statute is imperative, and a seal must be placed upon all processes of court.

In *Turnbull* v. *Payson*, 95 U. S. 418, cited in *Bradford* v. *Russell*, 79 Ind. 64, it was held that the certificate of the clerk and the seal of the court is a sufficient authentication of the record in a State court when offered in a circuit court of the United States or in another State court sitting in said State.

In *Deming* v. *Bullitt*, 1 Blackf. 241, it was held that an instrument of writing containing the words ''sealed with my seal, etc.,'' but having no seal upon it, is not a deed.

And, in *Painter* v. *Hall*, 75 Ind. 208, the court said that ''where the statute prescribes the mode of authentication, no other mode will do.'' Citing, also, *Allen, Admr.,* v. *Thaxter, Exr.,* 1 Blackf. 399, in which it was held that where the statute required a seal, an unsealed certificate was inadmissible.

In the case at bar, there can be no doubt that even if the evidence set out in the transcript were sufficient to reverse the judgment, which we do not think, yet even in such case we should be compelled to affirm the judgment, for the reason that the clerk's certificate fails to authenticate the transcript by reason of the omission of

the seal of the court, and hence no error in the decision of the court is brought to our attention.

The judgment is affirmed.

Filed April 19, 1894.