## GARRIGUS *v.* BOARD OF COMMISSIONERS OF HOWARD COUNTY.

[No. 2,772. Filed May 9, 1899.]

APPEAL AND ERROR.—*Howard Superior Court.—Cause Transferred from Circuit Court. —Transcript.—*Where a cause is appealed from the Howard Superior Court, which was transferred from the circuit court of such county. without a transcript having been made of the proceedings in the circuit court, and the record does not con-

tain a certificate of the clerk of the circuit court as to the proceedings had in such court in the cause, the appeal will be dismissed.

From the Howard Superior Court. *Appeal dismissed.*

*Bell & Purdum,* for appellant.

*Blacklidge & Shirley* and *Moon & Wolf,* for appellee.

HENLEY, J.—This action was commenced in the Howard Circuit Court of Howard county, Indiana. The complaint is in one paragraph. Appellee demurred to the complaint for want of sufficient facts. After the filing of said demurrer, and before the same had been ruled upon by the lower court, said court of its own motion transferred this cause to the Howard Superior Court of Howard county, Indiana, without a transcript having been first made of the proceedings in the Howard Circuit Court in said cause. The demurrer to the complaint was by the Howard Superior Court sustained. The action of said court in sustaining the demurrer to the complaint is the only alleged error assigned in this court. It is contended by counsel for appellee that the record in this cause does not present any question for decision. Section 10 of the act creating superior courts in the counties of Grant and Howard (Acts 1897, p. 20) is as follows:

"Whenever any cause shall have been transferred from the Circuit Court of either of said counties of Grant or Howard to the Superior Court of the same county, or from the Superior Court of either of said counties to the Circuit Court of the same county without a transcript having been made, and if such case shall be taken on a change of venue to a court of another county, or if any such case shall be appealed to the Appellate Court, or to the Supreme Court, then, in either such events, the parties so procuring such change of venue, or such appeal, may have a transcript made of the proceedings in each of said courts, and certified by the clerk of said courts, respectively, and such transcripts so made shall have the same force and effect and give to the court to which

it is taken on change of venue or on appeal the same jurisdiction as though such transcript had been originally made, when said cause was so transferred from one court to the other."

The record in this cause does not contain the certificate of the clerk of the Howard Circuit Court as to the proceedings had in said court in this cause. It is not a case where there is a defective certificate. The certificate is wanting. This statute specially provides that upon appeal to the Supreme or Appellate court, where the cause has been transferred from one court to the other, for any reason, without a transcript having been made at the time the transfer was so made, the proceedings in each court must be certified by the clerk of said courts respectively. The Howard Circuit Court and the Howard Superior Court are distinct and separate courts, with separate seals, and the clerk of one of said courts cannot on appeal authenticate by his certificate and seal the proceedings had in the other court. The result of the omission of the certificate of the clerk of the Howard Circuit Court to the proceedings shown by the record to have been had in said court is that the error, if any, in the action of the lower court is not brought to our attention. *Conkey* v. *Conder*, 137 Ind. 441. The appeal is dismissed.