## WORTHINGTON v. QUALKINBUSH.

[No. 6,139. Filed November 22, 1907.]

PROCESS.—Nonresidents.—Office.—Agency.—Landlord and Tenant.— In an action against a nonresident, growing out of transactions with his farm tenant who maintained an office on the farm, for the transaction of such nonresident's business, process served upon such tenant gives the court jurisdiction to render a personal judgment against such nonresident.

From Martin Circuit Court; H. Q. Houghton, Judge.

Action by John Qualkinbush against Louis N. Worthington. From a judgment for plaintiff, defendant appeals. Affirmed.

James T. Rogers, for appellant.
McCormick & Gilkison, for appellee.

ROBY, J.—The question for decision is whether jurisdiction of a nonresident of the State and of the United States, who owns a farm in this State, conducts the same by a resident agent and maintains an office thereon, can be obtained in a suit, growing out of matters connected with such agency, be-

fore a justice of the peace through service of process upon said agent.

The jurisdiction of a justice of the peace is limited to his township. §1498 Burns 1901, §1431 R. S. 1881. Section thirty-two of "an act concerning proceedings in civil cases," approved April 7, 1881 (§310 Burns 1901, §309 R. S. 1881), is as follows: "When a corporation, company, or individual has an office or agency in any county for the transaction of business, any action growing out of, or connected with, the business of such office may be brought in the county where the office or agency is located, at the option of the plaintiff, as though the principal resided therein; and service upon any agent or clerk employed in the office or agency shall be sufficient service upon the principal; or process may be sent to any county, and served upon the principal."

This is a civil action. It grows out of the business of such office. It is brought in the county and in the township where the same is located, and its facts bring it within the letter of the statute. *Rauber* v. *Whitney* (1890), 125 Ind. 216. It is also within the reason. The agent who represents the appellant when a man is to be hired to clear land, to plow and to do other work, ought to represent him in a suit to recover for such services.

Judgment affirmed.