## WORKINGMEN'S MUTUAL PROTECTIVE ASSOCIATION *v.* SWANSON.

[No. 6,380.   Filed March 10, 1909.]

1.  PROCESS.—*Sheriff's Return.—Foreign Corporations.*—A sheriff's return showing that the summons was served on a foreign insurance company's agent within the county, and showing that none of the officers of the company could be found in the county is sufficient, and a denial of the agency of the person served can be determined only upon a proper plea. p. 381.

2.  PLEADING.—*Complaint.—Insurance.—Performance of Conditions.*—A complaint by assured against an insurance company, alleging that plaintiff "duly performed all of the provisions and conditions contained in said policy to be performed by him," sufficiently shows a performance of all conditions by assured, when such complaint is attacked for the first time on appeal. p. 381.

From Elkhart Circuit Court; *James S. Dodge,* Judge.

Action by John Swanson against the Workingmen's Mutual Protective Association of Benton Harbor, Michigan. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John J. Sterling* and *James L. Harman,* for appellant.

*Perry L. Turner,* for appellee.

MYERS, J.—On January 19, 1905, appellant executed and delivered to appellee a certain health and accident policy. On May 28, 1906, appellee became sick, and by reason thereof was confined to his bed for a period of seven weeks, and this action was brought to recover the stipulated indemnity provided in said policy.

Upon the filing of the complaint a summons was issued for

the defendant, and placed in the hands of the sheriff of Elkhart county, who, as such sheriff, returned the same indorsed, after giving the date received and the date served, as follows: "I served the same by reading to, and within the hearing of, Willet S. Kittell, agent of the within named defendant, Workingmen's Mutual Protective Association of Benton Harbor, Michigan, and by delivering to him a true and certified copy of this summons, there being no president, vice-president, director or other higher officers of said Workingmen's Mutual Protective Association of Benton Harbor, Michigan, found in my bailiwick.    A. Elmer Manning, Sheriff." On the return day fixed by said summons the defendant, by its attorney, entered a special appearance, and filed, omitting the formal parts, the motion following: "Now comes said defendant by John J. Sterling, its attorney, and moves to quash and strike from the files the return of service of the summons filed herein by the sheriff of said county  *  *  *  for the following reasons:    (1) That, as appears by said return, service of said summons was not had upon the auditor of said state, nor upon any authorized agent of said defendant in the county of Elkhart, State of Indiana, as required by law.    This motion is based upon the files and records in said cause and upon the affidavit of Albert R. Arford, now on file herein." On October 2 said motion was by the court overruled and an exception reserved.    On October 3 the defendant answered the complaint by a general denial.    Such proceedings were thereafter had in said cause, whereby the same was submitted to the court for trial, resulting in a finding and judgment for the plaintiff.

Appellant has assigned error on the action of the court in overruling its motion to quash the sheriff's return to the summons, and that the complaint does not state facts sufficient to constitute a cause of action.

Appellant has not pointed out any defect appearing upon the face of the record, nor upon examination do we find

any defect for which the motion should be sustained.

1. The sheriff's return designates Kittell as the agent of appellant. If this be true, there was no ground for sustaining the motion. If Kittell was not the agent of appellant at the time the summons was served upon him, that was a question of fact to be determined by the court upon a proper plea. There was no error in the ruling. *Day* v. *Henry* (1895), 104 Ind. 324; *Evans* v. *State, ex rel.* (1905), 165 Ind. 369, 2 L. R. A. (N. S.) 619; *Nietert* v. *Trentman* (1886), 104 Ind. 390.

As to the sufficiency of the complaint, it is argued that it contains no allegation that the appellee had "complied with all of the conditions imposed by the contract of

2. insurance and the by-laws of the appellant company." By reference to the complaint it appears that appellee alleged "that during all of said time said policy was in full force and effect, and from the time of its execution plaintiff duly performed all of the provisions and conditions contained in said policy to be performed by him." A copy of the policy was filed with the complaint as an exhibit. The policy makes the by-laws a part of the contract, and our code (§376 Burns 1908, §370 R. S. 1881) provides that "in pleading the performance of a condition precedent in a contract, it shall be sufficient to allege, generally, that the party performed all the conditions on his part." The complaint was sufficient as against an attack for the first time on appeal. *Home Ins. Co.* v. *Gagen* (1906), 38 Ind. App. 680; *Penn Mut. Life Ins. Co.* v. *Norcross* (1904), 163 Ind. 379; *Hanover Fire Ins. Co.* v. *Johnson* (1901), 26 Ind. App. 122; *Cleveland, etc., R. Co.* v. *Baker* (1900), 24 Ind. App. 152; *Indianapolis Traction, etc., Co.* v. *Smith* (1906), 38 Ind. App. 160.

Judgment affirmed.