## EDWARDS ET AL. *v.* VAN CLEAVE ET AL

[No. 6,925.   Filed March 30, 1911.]

1. JUDGMENT.—*Actions to Review.—Contracts for Sale of Real Estate.—Commissions.—Retention of, by Owner for Third Person.*—A complaint to review a judgment is insufficient, where the complaint on which the judgment rests alleged that the plaintiff therein was employed by defendants' agents to sell a certain tract of land, and that defendants paid to such agents two-thirds of the agreed commission and retained one-third for the plaintiff, since the contract on which the action was based was not the contract for commission, but the special agreement with such agents to pay the one-third retained to the plaintiff. p. 350.

2. CONTRACTS.—*Beneficiaries.—Actions by.*—A beneficiary may maintain an action on a contract made for his benefit.   p. 351.

3. FRAUDS, STATUTE OF.—*Contracts to Pay Debts of Others.*—An agreement by the owner of real estate with his agents to pay to a third person one-third of the commission on a certain sale of real estate, which he retained in his settlement with such agents, is not within the statute of frauds.   p. 351.

4. JUDGMENT.—*Action to Review.—Nature of.*—An action to review a judgment is in the nature of an appeal, and is triable by the record alone, the judgment being set aside only for errors which would work a reversal of the judgment on appeal.   p. 351.

5. JUDGMENT.—*Actions to Review.—Presumptions.*—In an action to review a judgment every presumption is indulged in favor of such judgment; and the plaintiff therein must affirmatively show

that the complaint was insufficient, or that the court did not have jurisdiction of the subject-matter, or the person.  p. 351.

6.  ACTION.—*Where Commenced.—Process.—Agents.*—Natural persons, as well as domestic and foreign corporations, may be sued in the county where they transact business, and process may be served upon their agents, or other persons authorized to transact business for them.  p. 351.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by Chandler S. Edwards and others against Henry D. Van Cleave and others.  From a judgment for defendants, plaintiffs appeal.  *Affirmed.*

*M. W. Bruner,* for appellants.

*S. C. Kennedy, H. D. Van Cleave* and *C. B. Marshall,* for appellees.

FELT, J.—Suit by appellants to review a judgment rendered against them in the Montgomery Circuit Court.  Appellees demurred separately and severally to the complaint for insufficiency of facts, and each demurrer was sustained and an exception taken.

Appellants refused to plead further, and judgment was rendered against them, from which this appeal is taken, and the rulings on the demurrers are assigned as errors.

The complaint for review sets out in full the pleadings, summons, return of sheriff thereon and docket entries in the original suit, and states that there is manifest error of the court in this:  That the facts are insufficient to constitute a cause of action against appellants or any one of them, and the court did not have jurisdiction of their persons.  The complaint also shows that appellee Van Cleave sold and assigned the original judgment to appellee Fletcher; that appellant Goose River Bank is a corporation organized under the laws of North Dakota, and that appellants were then and have continued to be and are now residents of that state.  Prayer that the judgment be reviewed and declared null and void.

The original complaint, on which judgment was ren-

dered for appellee Van Cleave, alleged that appellees Smith and Walkup were partners in the real estate businss in Crawfordsville, Indiana, doing business under the name of R. C. Smith, and that they entered into a written contract with appellee Van Cleave, whereby they agreed to pay to him one-third of the commission—amounting to $154—for the sale of 308 acres of real estate in the State of North Dakota, owned by appellants; that appellee Van Cleave performed his part of said agreement by furnishing the purchaser who bought the real estate and paid the agreed price therefor; that appellants paid to said Smith and Walkup two-thirds of said commission, and at the time agreed with said Smith and Walkup to retain one-third of the amount and pay it to said Van Cleave, and upon failure so to do the original suit was commenced and summons duly issued and served by "reading the within summons to and within the hearing of Robert C. Smith and Rankin C. Walkup, and by reading this summons to Robert C. Smith as agent of Chandler S. Edwards, Chandler L. Grandin, and reading to Robert C. Smith as agent of Goose River Bank, and by leaving a true and certified copy of the within summons with Robert C. Smith as agent for said Edwards and Grandin, and by leaving a true and certified copy of this summons with Robert C. Smith as agent for Goose River Bank." The service was made on September 22, 1906, and indorsed: "John H. Mount,

Sheriff Montgomery County.

By J. B. B., Deputy."

The record also shows the publication of the deposition of said Smith; that each defendant had been duly served with process more than ten days before October 6, 1906, which was the return day indorsed upon the summons; that appellants, Edwards, Grandin and Goose River Bank, and appellees Smith and Walkup were duly defaulted, and the case submitted to the court for trial upon the default, and

that the court, having heard the evidence, found for appellee Van Cleave, and rendered judgment in his favor in the sum of $154 and for costs.

The contention of appellants is that the original complaint was not sufficient to sustain a judgment against them, and that the court did not have jurisdiction of appellants authorizing the rendition of judgment against them. They assert that the original complaint was for the collection of a commission for the sale of real estate, and does not allege that the contract was in writing, and therefore, under our statute and decisions, was insufficient.

We cannot agree with appellants' construction of the original complaint, for by the averments it appears that the sale of the real estate was made according to the agreement and the commission paid; that appellants, by special agreement with Smith and Walkup, held the part thereof which was to go to appellee Van Cleave, and agreed to pay it to him, but failed so to do. The original suit, therefore, was not upon the contract for the collection of a commission, but upon a new promise made after the sale was consummated, and at the time the commission was settled.

Following the averments of the complaint, there was no question or dispute about the commission, and all concerned at that time conceded Van Cleave's right to the money retained by appellants, not as their own, but as his. The breach of contract was therefore not upon the agreement to pay commission, but upon the new promise of appellants to pay Van Cleave the money due to him from Smith and Walkup, and left in their hands for the express purpose of discharging that obligation. Appellants' liability was not thereby increased, for they deducted the amount from the sum due to Smith and Walkup, and the full consideration had already been received, and was retained by them.

A third party may maintain an action on a contract made

for his benefit. *Zimmerman* v. *Zehendner* (1905),
2.  164 Ind. 466; *Ransdel* v. *Moore* (1899), 153 Ind. 393,
53 L. R. A. 753; *Ferris* v. *American Brewing Co.*
(1900), 155 Ind. 539, 52 L. R. A. 305. Such promise to pay
the debt of another does not fall within the statute
3.  of frauds. *Wolke* v. *Fleming* (1885), 103 Ind. 105,
53 Am. Rep. 495; *Crim* v. *Fitch* (1876), 53 Ind. 214;
*Boruff* v. *Hudson* (1894), 138 Ind. 280.

A suit to review a judgment for error of law appearing in
the proceedings is in the nature of an appeal, and is to be
tried by the record alone, and cannot be sustained,
4.  unless the errors are such as would reverse the judg-
ment on appeal. §§645, 646 Burns 1908, §§615, 616
R. S. 1881; *Williams* v. *Manley* (1904), 33 Ind. App. 270;
*Godfrey* v. *White* (1904), 32 Ind. App. 265; *Evansville, etc.,
R. Co.* v. *Maddux* (1893), 134 Ind. 571; *Bement* v. *May*
(1893), 135 Ind. 664; *Baker* v. *Ludlam* (1889), 118 Ind.
87; *Searle* v. *Whipperman* (1881), 79 Ind. 424.

Every presumption is indulged in favor of a court of
general jurisdiction, and if it does not affirmatively appear
from the record that the complaint was insufficient,
5.  or that the court did not have jurisdiction of the
subject-matter, or that the process issued against the
parties was not sufficient to give the court jurisdiction, there
can be no relief obtained in a suit to review the judgment.
*Whittenberger* v. *Bower* (1902), 158 Ind. 673; *O'Brien* v.
*State* (1890), 125 Ind. 38, 9 L. R. A. 323; *Lee* v. *Templeton*
(1881), 73 Ind. 315, 323; *Shoemaker* v. *South Bend Spark
Arrester Co.* (1893), 135 Ind. 471, 22 L. R. A. 332; *Godfrey*
v. *White, supra; Baker* v. *Ludlam, supra.*

Natural persons and both foreign and domestic corpora-
tions may be sued in the county where they transact busi-
ness, and process may be served upon their agents,
6.  or upon persons authorized to transact business for
them or in the name of such corporation.

Appellants were transacting business in Montgomery county, Indiana, by Smith, their agent, and the suit grew out of the business so transacted. The process shown by the record was duly served upon Smith, as such agent, and we cannot, in the face of this record, say that the court did not obtain jurisdiction of the persons of appellants. The jurisdiction of the subject-matter, of course, is not questioned. §311 Burns 1908, §309 R. S. 1881; *Fort Wayne Ins. Co.* v. *Irwin* (1899), 23 Ind. App. 53; *Rush* v. *Foos Mfg. Co.* (1898), 20-Ind. App. 515; *Rauber* v. *Whitney* (1890), 125 Ind. 216; *Conkey* v. *Conder* (1894), 137 Ind. 441.

No available error is shown by the record.

Judgment affirmed.