RAMSEY *v.* RULE.

[No. 14,560. Filed February 14, 1934.]

*W. J. Sprow,* for appellant.

*Chase Harding,* for appellee.

KIME, J.—Herbert H. Ramsey had filed a complaint against William Rule and his sister, Cordelia Rule, for damages for personal injuries growing out of an automobile accident. Summons was issued upon the filing of the complaint and a return made by the sheriff. Following this William Rule filed what he denominates a special appearance and a plea in abatement, which is as follows: "The defendant William Rule appears specially herein in the above-entitled cause for the purpose of questioning the jurisdiction of the Court and quashing the purported process had therein, and for no other purpose; and at all times objects to jurisdiction over his person or rights; and refuses to appear generally; and denies the jurisdiction of the Court herein or the right of the plaintiff herein to sue him, in this jurisdiction; and denies that process has been had upon him; and pleads specially herein for the purpose of protecting his rights, and without prejudice to his rights otherwise than as affected by this plea. And so appearing specially and pleading further this defendant says that he is not now and was not at the time of bringing this suit, or prior thereto, a resident of Montgomery County, Indiana, or of the State of Indiana; and was not, at any time in question involved in this proceeding, a resident of the State of Indiana, but at all times in question had been and now is a resident of the State of Iowa. That no process has been had upon him in the State of Indiana or elsewhere. But a summons in this cause purports to have issued to this defendant to the

Sheriff of Montgomery County, Indiana, and to have been served by said Sheriff upon this defendant by leaving a copy thereof at the last and usual place of residence of this defendant. A copy of said summons is attached to and made a part of this plea, marked "Exhibit A" as fully as though set forth herein in full, and by such reference is adopted as a part of this plea; but this defendant says that he is informed and believes that a copy of said summons was left at the residence of the co-defendant, Cordelia Rule, which was not, in fact, the residence of this defendant at that time or at any time since long prior to the bringing of this action; and this defendant was not actually in the State of Indiana, at the time of said purported service and did not actually claim or have or maintain any residence in this state, nor was he sojourning therein.

"Wherefore, this defendant asks that the process in this cause be quashed and the summons and return thereon be set aside and held void as to this defendant; that the cause as to him be dismissed and that he be relieved of all duty and responsibility to appear further or to protect his interest by reason of the attempted litigation, and that he have all proper relief in the premises." This was sworn to by the sister, Cordelia Rule. No objection was made at the time to the form nor to the substance of the pleading. There was then filed an answer in general denial by appellee, which thus closed the issues on the plea in abatement, and the court then heard evidence, submitted by both parties on this issue, and decided the same with the finding and judgment for the appellee herein. There was a motion for a new trial on the issues formed on the plea in abatement, which was overruled, from which resulting judgment this appeal is had, assigning as error that the court erred in overruling the appellant's motion for

a new trial on the issues formed in the plea in abatement of William Rule.

The only question presented by this appeal is whether or not the trial court acquired jurisdiction of the person of the appellee.

The appellant contends that because the pleader, in his plea in abatement, uses language that smacks of a motion to dismiss and other language that a strictly formal plea in abatement would not need makes the plea, in effect, a motion to dismiss. Referring to the prayer we find it as follows: "Wherefore, this defendant asks that the process in this cause be quashed and the summons and return thereon be set aside and held void as to this defendant; *that the cause as to him be dismissed and that he be relieved from all duty and responsibility to appear further or to protect his interest by reason of the attempted litigation,* and that he have all proper relief in the premises." (Our italics.) A pleading cannot be controlled by an isolated phrase and we hold that it is a plea in abatement and not a motion to dismiss. Of course, a strict construction here would undoubtedly lead to the conclusion that the appellee had submitted himself to the jurisdiction of the court by asking that the case be dismissed and this theory finds some support in those states which have adopted a strict construction. The appellant cites some authority for such construction. See *Clauson* v. *Boston Acme Mines Development Co.* (1928), (Utah), 269 Pac. 147, 59 L. R. A. 1318; *Security Trust & Loan Co.* v. *Boston & S. R. Fruit Co.* (1899), 126 Cal. 418, 58 Pac. 941. But whatever may be the law in other states it is not our purpose here to conclude that the isolated phrase "that the cause as to him be dismissed," contained in the prayer, is sufficient to amount to a general appearance.

There was evidence submitted to the court from which it could conclude, as it did, that it did not have jurisdiction of appellee's person. There was also evidence from which the opposite conclusion could have been reached just as easily. This court cannot weigh the evidence. At the hearing there was published a deposition of the appellee and of his sister, which contained some matter not strictly relating to the issues raised by the plea in abatement, which, had this been before a jury, might have tended to prejudice them as to the merits of the case in chief, however, the court trying the issues there involved could not have been influenced thereby.

The appellee had not, by the plea in abatement nor in the deposition, become an actor in the suit to the extent of participating in the merits. Of course, in the various states there is difference of opinion as to when one becomes an actor and that accounts for the position taken by the various states. At least here we are willing to say and do say that the appellee had not become an actor insofar as to give the trial court jurisdiction of his person.

Finding no reversible error the judgment of the Montgomery Circuit Court is in all things affirmed and it is so ordered.