METROPOLITAN LIFE INSURANCE COMPANY *v.* GEORGE ET AL.

[No. 16,041. Filed January 3, 1938. Rehearing denied March 29, 1938. Transfer denied May 24, 1938.]

*Robert L. Smith, Bracken, Gray & De Fur* and *William H. Bales,* for appellant.

*Francis A. Shaw* and *Roscoe D. Wheat,* for appellees.

LAYMON, C. J.—This action was originally instituted in the Circuit Court of Delaware County, Indiana, was transferred to the Delaware Superior Court, and from there was taken on a change of venue to the Jay Circuit Court, where the case was tried. Appellee Nettie K. George has filed a motion to dismiss this appeal and directs our attention to the fact that the cause was transferred from the Delaware Circuit Court to the Delaware Superior Court without a transcript having first been made of the proceedings in the Delaware Circuit Court in said cause and that the transcript of the record filed in this court does not contain the certificate of the clerk of the Delaware Circuit Court as to the proceedings had in said court in this cause.

Upon our examination of the transcript filed in this court we find the above facts to be true. Section 4-708 Burns 1933, section 1480, Baldwin's 1934, being §8 of the Act creating superior courts in the counties of Grant and Delaware [Acts 1931, p. 665], is as follows: "Whenever any cause shall have been transferred from the circuit court of said county of Delaware to the superior court of said county, or from the superior court of said county to the circuit court of said county without a transcript having been made, and if such case shall be taken on a change of venue to a court of another county, or if any such cases shall be appealed to the Appellate Court, or to the Supreme Court, then, in either such events, the parties so procuring such change of venue,

or such appeal, may have a transcript made of the proceedings in each of said courts, and certified by the clerk of said courts, respectively, and such transcripts so made shall have the same force and effect and give to the court to which it is taken on change of venue or on appeal the same jurisdiction as though such transcript had been originally made, when said cause was so transferred from one court to the other."

This statute provides that upon appeal to the Supreme or Appellate Court, where the cause has been transferred from the circuit court of said county to the superior court of said county, or from the superior court to the circuit court, for any reason, without a transcript having been made at the time the transfer was so made, the proceedings in the court from which the case was transferred without a transcript must be certified by the clerk of that court, and, if said case shall thereafter be taken on a change of venue to a court of another county without a transcript of the proceedings in each of said courts having been made and certified by the clerk of said courts, respectively, and filed at the time with the clerk of the county to which the case was venued, the proceedings in the court from which a transfer was had without a transcript must be certified by the clerk of that court.

The instant case having been transferred from the Delaware Circuit Court to the Delaware Superior Court without a transcript having been made at the time of the transfer, the clerk of the superior court, in certifying to the transcript of the proceedings in the case venued to a court of another county, could not, for the purpose of the record on appeal, certify to the proceedings had in the Delaware Circuit Court, nor, under such circumstances, could the clerk of the court to which the case was venued, without a transcript having been filed in said court of the pro-

ceedings in the Delaware Circuit Court, duly authenticated by the clerk of that court, certify to that part of the record containing the proceedings had in the Delaware Circuit Court.

For want of a certificate of the clerk of the Delaware Circuit Court of the proceedings in this cause in said court, a part of the record which is necessary for a full and final determination of the cause on appeal is not properly in the transcript here, and the appeal must be dismissed. See *Garrigus* v. *Board, etc.* (1899), 22 Ind. App. 303, 53 N. E. 776; *Western Union Tel. Co.* v. *Todd* (1899), 22 Ind. App. 701, 54 N. E. 446; *Shirk et al.* v. *Harrison School Township* (1900), 24 Ind. App. 221, 56 N. E. 451.

Appeal dismissed.