DONNELLEY *v.* THORNE.

[No. 17,105. Filed December 16, 1943. Rehearing denied January 11, 1944. Transfer denied February 10, 1944.]

*Albert Ward* and *Palmer K. Ward,* both of Indianapolis (*George M. Barnard,* of Indianapolis, of counsel), for appellant.

*Joseph & Dann,* of Indianapolis, for appellee.

FLANAGAN, J.—On May 28, 1941, appellant filed his complaint against appellee to recover judgment on account of a loan theretofore alleged to have been made by appellant to appellee. Summons was issued on the same date and returned with the sheriff's endorsement showing service made on May 29, 1941, by leaving a true copy at appellee's last and usual place of residence. Appellee appeared specially and filed a plea in abatement claiming residence in California. Appellant's demurrer to the plea in abatement was overruled, hearing on the plea in abatement was held, and the court rendered judgment that appellant's action abate.

Errors here assigned are, (1) overruling appellant's demurrer to appellee's plea in abatement, and (2) overruling appellant's motion for a new trial. The specifications of the motion for a new trial are, (1) the decision is not sustained by sufficient evidence, (2) the decision is contrary to law, and (3) error in the admission of certain evidence.

The plea in abatement, omitting the formal parts, reads as follows:

"That this action was commenced on May 28, 1941, by the filing of the complaint herein and the issuance of summons thereon directed to the Sheriff of Marion County, Indiana, for service upon the defendant, Joel Thorne; that on May 28, 1941,

and at no time since nor at any time prior to May 28, 1941, has this defendant ever resided in Marion County or any place in the State of Indiana; that for a long time prior to the commencement of this action, continuously ever since and at the present time, and at the beginning of this action and ever since said time this defendant has been, and still is, a resident of Encino County, California.

"That this defendant has not now, and never has had any office, agency or place of business in said Marion County, Indiana, and that said suit and cause of action did not grow out of, and was not concerned with any business or transaction of any office or agency of this defendant in said Marion County, Indiana.

"That the writ of summons issued in this cause by the Clerk of this court and directed to the Sheriff of Marion County, Indiana, for service upon this defendant was never served by the Sheriff or any duly authorized deputy personally upon this defendant; that this defendant has never been served personally or had read to him either the original or a copy of said summons issued in this cause."

The memorandum to the demurrer is to the effect that a nonresident may be served in any county where he may be found; that this service may be in person or by leaving the summons at the last or usual place of residence; and that the plea in abatement is insufficient because it does not exclude the possibility of service by leaving the summons at the last and usual place of residence.

There is no merit to this contention. A person who has always been a nonresident can have no last or usual place of residence in this State. Section 2-707, Burns' 1933, § 81, Baldwin's 1934, provides that "in cases of nonresidents, or persons having no permanent residence in the state, action may be commenced and process served in any county where they may be found."

To serve process under this provision a nonresident must be found and served in person.

Under the specifications of its motion for a new trial that the decision is not sustained by sufficient evidence and is contrary to law, appellant contends: (1) That appellee entered a general appearance according to the court's record; and (2) that the sheriff's return to the summons issued in this case shows that it was served by leaving a copy at the last and usual place of residence of appellee and that the return (a) is conclusive and cannot be controverted, and (b) if subject to traverse, its verity is not brought in issue by the plea in abatement and therefore stands unchallenged and unimpeached.

Appellant says appellee appeared generally because he served notice to take a deposition "to be used in evidence on the trial of said cause," and because the record shows the deposition published on motion of appellee.

The character of an appearance by a defendant is determined by the steps taken by him. *Slinkard* v. *Hunter* (1936), 209 Ind. 475, 199 N. E. 560. Neither the giving of a notice to take a deposition nor the statements contained in such notice are record entries and therefore cannot in and of themselves constitute a general appearance to an action. *Scott* v. *Hull* (1860), 14 Ind. 136. A motion in court to publish a deposition may constitute a general appearance where the deposition is to be used in the trial on the merits of the cause. *Street* v. *Chapman* (1867), 29 Ind. 142. But such action does not constitute a general appearance where the deposition is usable only and intended to be used only in a hearing on a plea in abatement. *Ramsey* v. *Rule* (1934), 98 Ind. App. 205, 188 N. E. 792.

At the time the notice to take the deposition here involved was given, and at the time the motion to publish it was made, a plea in abatement was pending. An examination of the contents of the deposition discloses that it could have no practical value in a trial on the merits of the cause, but was usable only and could have been intended to be used only at the hearing on the plea in abatement. The motion to publish it did not therefore constitute a general appearance.

The summons in this case shows the following return by the sheriff of Marion County, Indiana: "served this writ by leaving a true copy of the same at the last and usual place of residence of the within named Joel Thorne—May 29, 1941."

The statement in the return as to the last and usual residence of the appellee is a fact not presumptively within the knowledge of the sheriff and therefore may be controverted. *State of New Jersey* v. *Shirk* (1921), 75 Ind. App. 275, 127 N. E. 861; *Papuschak* v. *Burich* (1933), 97 Ind. App. 100, 185 N. E. 876.

It is suggested by appellant that the return should have been challenged by a motion to quash or set aside the return and cannot be challenged by a plea in abatement. We do not so understand the rule as to procedure. If there is a defect in the return of the sheriff shown on the face of the return it should be reached by a motion to set aside or quash the return. *The Jeffersonville, etc., R. Co.* v. *Dunlap* (1868), 29 Ind. 426. But where the defect complained of does not so appear, the objection must be made by a plea in abatement. *Workingmen's Mutual, etc., Assn.* v. *Swanson* (1909), 43 Ind. App. 379, 87 N. E. 668; *Watson's Revision of Works Practice & Forms,* Vol. 1, § 911, p. 619.

Under the allegations in his plea in abatement that he had never resided in Indiana, appellee was entitled to introduce evidence showing his nonresidence at the time the summons was supposed to have been served at his last and usual place of residence.

Appellant objected to eight different questions propounded to appellee in appellee's deposition. His objections were overruled and these rulings are challenged as specifications 3 to 10 inclusive of the motion for a new trial. Four of these questions, specifications numbered 4, 5, 6 and 9, were objected to on the ground that appellee could not contradict the sheriff's return. We have already discussed that subject. Two of the questions, specifications numbered 7 and 8, elicited evidence as to whether the cause of action grew out of a business transaction in Indiana. Such evidence was entirely irrelevant to the issue before the court and its admission was neither helpful nor harmful to either party. Specification numbered 10 is not discussed under "Propositions, Points and Authorities" and is therefore waived.

Specification 3 of the motion for a new trial charges that the court erred in overruling an objection to the following question propounded to appellee: "You did not live at the hotel?" The objection was for the reason that the question calls for a conclusion and is leading and suggestive. Regardless of the merits of the objection, the ruling of the trial court could not have materially affected appellant's rights.

Judgment affirmed.

NOTE—Reported in 51 N. E. (2d) 873.