JOHANN, SR. v. JOHANN, JR. ET AL.

[No. 28,890. Filed March 31, 1953.]

*Isidor Kahn, Harry P. Dees, Arthur R. Donovan, Robert Kahn* and *Kahn, Dees, Donovan & Kahn* (of counsel), all of Evansville, for appellant.

*Arthur C. Stone, Jack A. Stone,* and *Stone & Stone* (of counsel), all of Evansville, for appellee.

*Robert J. Hayes,* Receiver, *pro se.*

EMMERT, C. J.—This is an appeal from an interlocutory order appointing a receiver for the partnership property of William Johann, Sr. and William Johann, Jr., partners doing business as "Radio & Refrigeration

Co.," "Bill, the Appliance Whiz," "Kalamazoo Sales and Service," and "Bottle Gas Company."

On February 19, 1952, the appellee, William Johann, Jr., filed his verified complaint in the Vanderburgh Probate Court against the appellant for a dissolution of their partnership, an accounting, and the appointment of a receiver without notice. The complaint is as follows:

"1. That heretofore, in the year 1943, the plaintiff and the defendant entered into a partnership under the firm name and style of the Fix-It-Shop for the purpose of repairing radios and other equipment; that subsequently said business was expanded to include the buying and selling of appliances and the sale and servicing of bottle gas equipment; and that said partnership also did business under the name of Radio & Refrigeration Co. & Company, Bill, The Appliance Whiz, Kalamazoo Sales and Service, and Bottle Gas Company; that at the time of the *in*formation, it was agreed that the plaintiff and defendant should each contribute their time to the management and carrying on of said business; that plaintiff and defendant entered upon said partnership pursuant to said agreement, and that the plaintiff has since conducted his part of said business pursuant to said agreement.

"2. Plaintiff avers that since the commencement of said partnership, defendant has failed to fully carry out and perform the said contract and has failed to perform his duty as such partner, in this: That defendant has wrongfully, in violation of said partnership agreement, taken exclusive possession of the partnership property and effects and has assumed and is now assuming the entire ownership and control of said partnership property and assets and has excluded plaintiff from the business; and defendant has failed to properly account to the plaintiff for the plaintiff's interest in said partnership; that defendant wrongfully and without right, exercises authoritative jurisdiction

and ownership of all the property and assets of said partnership to the exclusion of the plaintiff;

"3. That plaintiff has reason to believe that defendant failed to deposit all monies of the partnership that has come into his hands; that the defendant has failed to enter on the books of the partnership all monies received by him belonging to said partnership and has concealed from the plaintiff the amount of money actually received by him from time to time; and that defendant has wrongfully and without knowledge of the plaintiff, used the funds of the partnership for his individual benefit.

"4. Plaintiff further avers that there is such irreconcilable dissension between the partners as to endanger the partnership good will and property.

"5. Plaintiff further avers that the said partnership is actively engaged in business and that it would be to the best interest of said business that it be continued, but that the 1950 annual report of said partnership showed that its capital was impaired to the extent of $42,071.87, indicating that the liabilities were in excess of the assets of the partnership; that according to said report, it has not now sufficient money and means to pay its overdue indebtedness, and that as a consequence there is danger that the creditors of the partnership may bring actions against the partnership and the partnership subjected to excessive costs and expenses arising from multiplicity of lawsuits.

"6. Plaintiff avers that it would be to the best interest of the partnership and all its creditors, and all persons and parties interested, to have a Receiver appointed, and that such Receiver be appointed for such partnership, and that said Receiver be authorized and permitted to continue said business, and that said Receiver then examine into the accounts and properties of the partnership in order to aid and assist in the determination of a proper accounting between the said partners.

"7. Plaintiff further avers that the defendant has left the State of Indiana and is now a non-resident of the State of Indiana and is in process of transferring his assets, and the assets of said part-

nership beyond the jurisdiction of the State of Indiana; that an emergency exists for the appointment of a Receiver, without notice, to prevent waste, destruction or loss of the partnership property; that if there is any delay in the appointment of a Receiver, and the defendant is allowed to transfer the assets of said partnership, and to conduct the business as it has been conducted, the plaintiff, and the partnership, will suffer irreparable damage.

"WHEREFORE, plaintiff asks that an accounting be taken of all the partnership dealings and transactions from the commencement thereof, and that a Receiver be appointed without notice, to take charge of the partnership assets, and that said partnership be dissolved, and that the Receiver be authorized to employ such assistants necessary to carry on said business, and that he be authorized to do all acts necessary in the continuance of said business, and render a proper accounting thereof, with the usual powers and authority conferred upon Receivers in such cases, and for all other proper relief."

Thereafter, on the same day a summons was issued for appellant, returnable March 10, 1952, and this was delivered to the Sheriff for service. The return to the summons stated it was served on the appellant by reading it to James Glidewell, agent for William Johann, Sr., and by leaving a true copy of same with him.

After the summons was delivered to the Sheriff the court, upon the verified complaint, appointed a receiver without notice for the partnership property.

Appellant contends that no action had been commenced when the receiver was appointed, and therefore the trial court was without jurisdiction to make the appointment. It is the commencement of an action that gives a court jurisdiction to act, and no receiver can be appointed unless the action be first commenced. *Tucker* v. *Tucker* (1924), 194 Ind.

108, 142 N. E. 11; *Marshall* v. *Matson* (1908), 171 Ind. 238, 86 N. E. 339; *Winona, Warsaw, Elkhart & South Bend Traction Co.* v. *Collins* (1904), 162 Ind. 693, 69 N. E. 998; *Alexandria Gas Co.* v. *Irish* (1899), 152 Ind. 535, 53 N. E. 762; *State* v. *Union Nat'l. Bank* (1896), 145 Ind. 537, 44 N. E. 585, 57 Am. St. 209; *Pressley* v. *Harrison* (1885), 102 Ind. 14, 1 N. E. 188.

Appellant's position is that the record, as made by the appellee, shows he is a non-resident of the state and that the action could only be commenced against him by the publication of notice, in which event, under §2-802, Burns' 1946 Replacement, the action would be commenced "from the time of the first publication." However, §2-703, Burns' 1946 Replacement, provides as follows:

"When a corporation, company or individual has an office or agency in any county for the transaction of business, any action growing out of, or connected with, the business of such office may be brought in the county where the office or agency is located, at the option of the plaintiff, as though the principal resided therein; and service upon any agent or clerk employed in the office or agency shall be sufficient service upon the principal; or process may be sent to any county and served upon the principal." [Acts 1881 (Spec. Sess.), ch. 38, §32, p. 240.]

In *Rauber* v. *Whitney* (1890), 125 Ind. 216, 25 N. E. 186, we held that partners, who were residents of Ohio, could be served with process by service of summons upon their agents who were operating a shoe store in Tipton when the matters in suit grew out of and were connected with such store. See also *Conkey* v. *Conder* (1894), 137 Ind. 441, 37 N. E. 132; *Edwards* v. *Van Cleave* (1911), 47 Ind. App. 347, 351, 94 N. E. 596; *Worthington* v. *Qualkinbush* (1907), 40 Ind. App. 554, 82 N. E. 534. Appellant does not con-

tend §2-703, Burns' 1946 Replacement, is unconstitutional as applied to an agent of a non-resident defendant member of a partnership as to business transactions growing out of the business of such office. The return of the Sheriff was at least prima facie evidence of proper service on appellant's agent. *Workingmen's Mut. etc. Assn.* v. *Swanson* (1909), 43 Ind. App. 379, 381, 87 N. E. 668. The action was commenced from the time of issuing summons. Section 2-802, Burns' 1946 Replacement.

However, in *Second Real Estate Investments, Inc.* v. *William Johann, Jr., Adm. de bonis non* (1953), 232 Ind. 24, 111 N. E. 2d 467, we held, on the authorities therein cited, that a receiver without notice would not be appointed where a restraining order would afford ample protection until notice could be given for the appointment of a receiver. In the appeal at bar appellee did not prove a temporary restraining order would not have given ample protection until he could have given notice for the hearing on the appointment of a receiver. The burden of proving the necessity for not giving notice was on the appellee. *Largura Const. Co.* v. *Super-Steel Products Co.* (1939), 216 Ind. 58, 22 N. E. 2d 990; *Industrial Machinery Co., Inc.* v. *Roberts* (1947), 225 Ind. 1, 72 N. E. 2d 225. In view of this rule which we discussed at length in the Second Real Estate Investments, Inc. case, *supra,* it is not necessary to determine appellant's other assigned reasons for reversal.

The interlocutory order appointing a receiver is reversed, with instructions to the trial court to vacate the appointment.

NOTE.—Reported in 111 N. E. 2d 473.