## JOHNSON v. JONES.

[No. 9,030. Filed May 11, 1916.]

1. FRAUDS, STATUTE OF.—*Guaranty.*—*Original Promise.*—Where it appeared that defendant, contracted to pay for medical services to her son, and that the credit was given to her solely, the agreement was not that of a guarantor but of an original promisor, and was not void under the statute of frauds, though not in writing. p. 5.

2. PHYSICIANS AND SURGEONS.—*Services.*—*Reasonable Value.*—*Evidence.*—In the absence of an express agreement a physician may recover the reasonable and customary price for services rendered by him with due care and skill, but such reasonable and customary fee must be shown by competent evidence, and mere proof of the price charged by the claimant is not sufficient. p. 6.

3. PLEADING.—*Verification.*—*Effect.*—In an action to recover for services by a physician, where there was an appearance and answer filed, the burden was upon the plaintiff to prove the value of the services rendered, although defendant introduced no evidence to refute the claim notwithstanding the complaint contained a statement of the account sued on and was verified, since under the circumstances the cause was not within the provisions of §392 Burns 1914, §383 R. S. 1881, applicable to default cases. p. 6.

4. PLEADING.—*Evidence.*—*Presumptions.*—*Correctness of Account Pleaded.*—There is no presumption that the items of an account which is made a part of a pleading are correct, but they must be proved the same as other facts essential to recovery. p. 6.

5. INTEREST.—*Recovery on Account.*—*What Law Governs.*—In a physician's action for services rendered, although the debt was contracted and the services were rendered in another state, recovery of interest on the amount was allowable in accordance with the law of Indiana, since where the parties fix no place for the payment of the debt the general rule is that the *lex fori* and not the *lex loci contractus* will govern in the collection thereof. p. 7.

6. INTEREST.—*Recovery as Damages.*—In actions where interest has not been contracted for, interest, if allowable, is not upon the theory that it is an incident to the original debt, but because of delinquincy on the part of the debtor and for the reason that without such interest the claimant would not be made whole. p. 8.

From Superior Court of Marion County (89,996); *John J. Rochford*, Judge.

Action by A. Halden Jones against Minnie L. Johnson. From a judgment for plaintiff, the defendant appeals. *Affirmed conditionally.*

*Mark H. Miller*, for appellant.
*Henley, Fenton & Joseph*, for appellee.

IBACH, C. J.—Appellee recovered judgment on two paragraphs of complaint. The first paragraph was brought upon an account for services rendered by him as a licensed physician, and the second paragraph was upon an account assigned to him which also covered services as a physician rendered by the assignor, Lyman B. Stookey.

Appellant first contends that the evidence shows that the agreements made with appellee and said Stookey fall within the statute of frauds, 1. and cites the case of *Harris* v. *Frank* (1889), 81 Cal. 280, to support her position. We do not consider that a parallel case to the one at bar. In that case the evidence showed that the appellee was a mere guarantor, while in the present case the evidence shows without substantial conflict an original contract between the parties. It does not appear, as in the Harris case, that appellant was to pay any bills contracted by her son, but on the contrary, it does appear that she, as an original promisor, contracted to pay the claims both of the physician and the pathologist who rendered services requested by her for her son, when in the state of California, and that credit was given to her and not to her son. Such being the nature of the agreements, they were not void under the statute of frauds, though not in writing. *Shaffer* v. *Ryan* (1882), 84 Ind. 140; *Hayes* v. *Shirk* (1906), 167 Ind. 569, 78 N. E. 653. The evidence fully supports

the first paragraph of complaint. There is no dispute about the services having been rendered by appellee; that he charged appellant therefor the sum of $300; that such services were worth that sum; that he was paid on his individual account the sum of $125, leaving a balance unpaid of $175.

We are also of the opinion that there is no proof whatever to disclose the value of the services rendered by Doctor Stookey, which claim 2. was assigned to appellee, and sued on in the second paragraph of complaint. In the absence of an express agreement, one that brings to such a service as was rendered by him due care and skill can recover the reasonable and customary price therefor, but such reasonable and customary fee must be shown by competent evidence. Proof of the price charged by the claimant, without any proof of the value of the service performed, is not sufficient, and does not meet the test. *Peck* v. *Martin* (1861), 17 Ind. 115; *Board, etc.* v *Chambers* (1881), 75 Ind. 409. Appellee takes the position that as each paragraph of the complaint 3. contains a statement of the account sued on, and each paragraph was duly verified, and as the appellee did not introduce evidence to refute the averments of the complaint, the case falls within the provisions of §392 Burns 1914, §383 R. S. 1881. The difficulty with this position is that the statute referred to is applicable to default cases, while in the case at bar, there was an appearance and an answer in general denial filed, which cast the burden on appellee who claimed the amount sued for in the second paragraph of complaint to prove the value of the services rendered, as was done to support the first paragraph. 4. There is no presumption that the items of an account that is made a part of

a pleading are correct, or, as in this case, that the services rendered were worth the amount charged, but such facts must be proven, the same as all other facts necessary to be proven to support such causes of action when there is an appearance and an answer denying the right to recover has been filed. *French* v. *Frazier* (1832), 30 Ky. *425; *Pfeil* v. *Kemper* (1854), 3 Wis. *315. Our disposition of this branch of the case eliminates the necessity of considering any of the remaining alleged error directed thereto.

Appellant further contends that the trial court erred in allowing interest as a part of the judgment. It is argued that because the debt sued on was contracted in the state of California, and the services were to be performed there, the legal rate of interest only as allowed in that state would control, and since the statute of California was not pleaded and no evidence showing the legal rate of interest of that state, and there being no provision for the collection of interest under the common law, none should have been allowed. This question was before our Supreme Court in the case of *Kopelke* v. *Kopelke* (1887), 112 Ind. 435, 13 N. E. 695. This language is there used: "Here, however, the notes sued upon were not, in terms, made payable at any specified place in the State of Michigan or elsewhere. * * * They were each payable generally and each of them was wholly silent upon the subject of interest. Notes thus payable are payable everywhere, and as a general rule the *lex fori*, and not the *lex loci contractus* governs in the collection thereof." The same rule necessarily applies to contracts such as those involved in the present case. In such cases where no interest has been contracted for and no place is fixed for the payment

of the debt, the interest recoverable after the breach of the contract is recoverable, if allowed, as damages; and if interest is so adjudged as a part of the judgment, the rate of interest will be controlled by the law of the place of the suit, which in this case was the domicile of the defendant. The interest

6. is not allowable on the theory that it is an incident to the original debt, but because of the delinquency on the part of the debtor and without such interest the claimant would not be made whole. 5 R. C. L. 941, 942, and cases cited. The account sued on in the first paragraph of the complaint became liquidated when the same was presented for payment and accepted and a partial payment made, and the trial court properly allowed interest at the rate allowable in this State as a part of the judgment.

The judgment is affirmed as to the amount rendered on the first paragraph of the complaint, upon condition that within thirty days from this date appellee enters upon the judgment docket of the court below a remittitur of the amount rendered on the second paragraph of complaint, and files the certificate of the clerk of such court with the clerk of this court showing that such remittitur has been so made; otherwise the cause will be reversed at costs of appellee.

Note.—Reported in 112 N. E. 830. Contracts of physicians and surgeons with patients, 33 Am. Rep. 736. Whether contemporaneous promise of one person to pay where benefit inures to another as a promise to answer for default of another is within the statute of frauds, 15 L. R. A. (N. S.) 214, 32 L. R. A. (N. S.) 598.