AMERICAN MUTUAL LIABILITY INSURANCE COMPANY OF BOSTON *v.* KOCH ET AL.

[No. 14,583.    Filed March 9, 1934.]

*James L. Murray* and *Hatfield & Roberts,* for appellant.

*Kohn, Enloe & Meyers,* for appellees.

DUDINE, J.—This was an action instituted by appellees against appellant. Appellees' complaint, which was not verified, alleged that in a proceeding before the Industrial Board, the Board found that one William H. Hornbrook died as a result of an accident arising out of and in the course of his employment by appellees, and the Board rendered an award of compensation at the rate of $16.50 for a period of three hundred weeks, not to exceed $5,000.00, and $100.00 burial expenses, and medical and hospital expense of decedent, in favor of the widow of said employee, his sole dependent; that appellees carried compensation insurance issued by appellant company, but appellant refused to pay said award; that appellees paid $707.50 on account of said award and were further obligated, by said award, to pay $4,389.00. It prayed a judgment in the sum of $6,000.00.

Appellant's answer admitted liability to appellees on a workmen's compensation insurance policy but alleged that the policy did not cover the duties which said Hornbrook was performing or attempting to perform, at the time of the accident which resulted in his death. Appellees filed a reply in general denial.

The cause was submitted to the court for trial without a jury. Appellees did not introduce any evidence, but relied upon the allegations in their complaint which were not denied by the answer, in lieu of evidence. Appellant presented some evidence in defense. The court found for appellees, and rendered judgment against appellant in the sum of $5,050.00.

Appellant seasonably filed a motion for new trial, the overruling of which is the sole error relied upon for reversal that is presented. The only assigned ground for new trial which need be discussed is that the evidence was not sufficient to sustain the decision.

Appellant admits that Sec. 410, Burns 1926, §2-1055,

Burns 1933, §160, Baldwin's 1934, authorizes a reliance upon allegations in a complaint which are not ██ denied by the answer in lieu of evidence, but shows that said section of the statutes provides that "allegations of value or amount of damage shall not be considered as true by the failure to controvert them" and contends that no evidence having been introduced to show the damage suffered by appellee on account of the alleged breach of contract—the judgment should be reversed for insufficiency of the evidence to sustain the decision.

Appellees contend that since the complaint alleged that they had paid $707.50 and had become legally obligated to pay the further sum of $4389.00, their claim was a liquidated claim, and since said allegations were not denied in the answer, no evidence of damage was necessary. They cited *Rooker* v. *Bruce* (1908), 171 Ind. 86, 91, 85 N. E. 351, in support of said contention.

Said case is clearly distinguishable from and inapplicable to the instant case. One of the questions involved in that case was the right of a defendant to file an answer after a default judgment had been taken against him. There was no default in the instant case. Sec. 410, *supra,* provides that in actions on account in which an itemized bill of particulars, the correctness of which is duly affirmed or sworn to by the plaintiff, or some one in his behalf, has been filed with the complaint, a default by the defendant shall be deemed to admit the correctness of the bill of particulars, as sworn or affirmed to, and judgment may be rendered thereon without further evidence—but the instant case clearly fails to come within said provision of said statute—and *Rooker* v. *Bruce, supra,* has no pertinency to the instant case.

The claim set up in the complaint was not "liquidated," or definitely fixed. If the widow remains un-

married and lives three hundred weeks after the beginning of the compensation period, the claim might be for the full amount thereof. If the widow remarried during the three hundred week period, her claim would not be for the full amount because her dependency would terminate with such remarriage. (Sec. 9483, Burns Supp. 1929, §40-1403, Burns 1933, §16414, Baldwin's 1934). If the widow, she being the sole dependent, died during the three hundred week period, the claim could not be for the full amount because compensation is payable to dependents during dependency only.

No statute other than Sec. 410, *supra,* relieves the plaintiff of the burden of proving his case. Damage sustained by appellees was a necessary element in the instant case, and Sec. 410, *supra,* did not relieve appellees of the burden to prove such damage. See *Johnson* v. *Jones* (1915), 62 Ind. App. 4, 112 N. E. 830. We have searched the record to find such evidence, but found none. On account of the failure to introduce such evidence the judgment should be reversed.

Appellant presents other meritorious contentions— but we deem it unnecessary to discuss any of them.

Judgment reversed with instructions that the trial court sustain the motion for new trial, and for further proceedings not inconsistent with this opinion.