SHANE QUADRI, AL J. HOFFMAN & COMPANY, INC., and Donald Hoffman, Defendants–Appellants,

v.

GOODYEAR SERVICE STORES, Plaintiff–Appellee.

SHANE QUADRI AND AL J. HOFFMAN & COMPANY, INC., Defendants–Appellants,

v.

BUDGET RENT A CAR OF FORT WAYNE, INC., Plaintiff–Appellee.

No. 3–979 A 255.

Court of Appeals of Indiana, Third District.

Nov. 19, 1980.

David A. Travelstead, Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, Arthur W. Fruechtenicht, Fruechtenicht & Fruechtenicht, Fort Wayne, for Al J. Hoffman & Co., Inc.

Thomas S. Locke, Fort Wayne, for Shane Quadri.

G. Stanley Hood, Fort Wayne, for Budget Rent A Car of Fort Wayne, Inc.

HOFFMAN, Judge.

This is an appeal by Al J. Hoffman & Company, Inc., (Hoffman Agency) of the decision of the trial court against it and Shane Quadri in favor of Goodyear Service Stores (Goodyear) and Budget Rent A Car of Fort Wayne, Inc. (Budget).[1]

The record discloses that Quadri purchased a car in August 1977 and arranged with Don Hoffman of the Hoffman Agency to have the car insured for one night. Quadri telephoned Don Hoffman the next day to purchase additional insurance for the automobile. Don Hoffman agreed to take care of the matter and to mail the insurance policy to Quadri.

After a time Quadri apparently became concerned that he had not received his insurance policy. He telephoned Don Hoffman repeatedly but was told not to worry that he was covered. Finally an insurance binder, postmarked October 25, 1977, was mailed to Quadri. Quadri had not made any premium payments however.

Quadri's car was stolen sometime during the night of October 25 and the morning of October 26. Quadri went to Don Hoffman's office and informed him of the situation. Hoffman told Quadri that he was insured and gave him another binder which had apparently already been completed.

Don Hoffman arranged for the rental of a car to Quadri until the stolen car was recovered. Hoffman telephoned Budget and informed them that Quadri was insured and that Budget should bill the Hoffman Agency for the rental. The rental car was subsequently stolen and Budget billed the Hoffman Agency for the number of days the car was missing along with the costs to pick up the car and for a missing spare tire.

Quadri's original stolen auto was recovered in Tucson, Arizona. When the car was returned, Quadri found that it had been damaged and that the tires were in extremely poor condition. Don Hoffman telephoned Goodyear and arranged to have four new tires put on Quadri's car. Hoffman indicated that Goodyear should bill the Hoffman Agency for the tires.

Goodyear originally brought suit against Quadri and later filed an amended com-

1. No question is raised regarding the trial court's judgment against Quadri. Quadri is joined with Budget and Goodyear as an appellee in this appeal.

plaint joining the Hoffman Agency as a defendant. Budget originally brought suit against both Quadri and the Hoffman Agency and Quadri filed a cross–claim against the Hoffman Agency. The actions were later consolidated.

The issues raised by the Hoffman Agency have been consolidated and restated to facilitate discussion. These issues are:

(1) whether a valid insurance policy was in existence;

(2) if no valid policy was in existence were Don Hoffman's promises to pay for goods and services rendered made unenforceable by the Statute of Frauds;

(3) whether Don Hoffman acted outside his actual or implied authority in issuing the binders; and

(4) whether the trial court erred in the amount of damages awarded.

The Hoffman Agency argues that if there was a valid insurance policy in effect at the time of the incidents the proper defendant is the Commercial Union Assurance Companies and not the Hoffman Agency. Alternatively, if no policy was in force, liability against the Hoffman Agency is predicated on Don Hoffman's parol promise to pay the debts of Shane Quadri.

The transactions involved in this appeal involve Don Hoffman, Goodyear and Budget. As such, it is of no importance whether or not Quadri was insured. Any liability on behalf of the Hoffman Agency must be predicated on the parol contracts made by Don Hoffman. Although the issue of insurance might be necessary in Quadri's cross–claim against the Hoffman Agency, no appeal has been perfected concerning this cross–claim.

As stated above, the Hoffman Agency's liability must be based on Don Hoffman's oral promises. The Hoffman Agency asserts that these promises are promises to pay the debts of Shane Quadri and are therefore made unenforceable by the Statute of Frauds, IC 1971, 32–2–1–1 (Burns Code Ed.).

■ The Hoffman Agency is correct in the theoretical statement of the law but errs in its application in this case. Although the statute makes unenforceable contracts to pay the debts of a third person, it does not affect the enforceability of oral contracts between two parties for the benefit of a third party. *Edwards v. Van Cleave* (1911), 47 Ind.App. 347, 94 N.E. 596. The statute therefore does not apply to original promises to pay for services rendered to a third person. *Johnson v. Jones* (1916), 62 Ind.App. 4, 112 N.E. 830. The evidence in the present case is clear that Don Hoffman made original promises to both Budget and Goodyear that the Hoffman Agency would pay for goods and services rendered to Quadri.

The Hoffman Agency relies heavily on *Symons v. Burton* (1925), 83 Ind.App. 631, 149 N.E. 460, for the proposition that when credit is extended to both the promisor and the third person to whom the benefit accrues, the promise is within the Statute of Frauds. The Hoffman Agency reasons that since Goodyear and Budget brought suit against both Quadri and the Hoffman Agency, credit must have been extended to both. The court in *Symons* held, however, that the question as to whom credit was given is a question of fact to be determined by the totality of the circumstances. *Id.* at 461, 149 N.E. 460.

■ The trial court in the present case was not requested to make findings of fact and made none. Where no findings are made, the general judgment entered by the court is presumed to be based on findings supported by the evidence. *Rieth–Riley Const. v. Auto–Owners Mut. Ins.* (1980), Ind.App., 408 N.E.2d 640. In order to have found that the Statute of Frauds did not apply to Don Hoffman's promises, the trial court ·must have concluded that credit was extended solely to the Hoffman Agency and not to Quadri. The Hoffman Agency, in arguing that the Statute of Frauds is applicable, is essentially challenging the sufficiency of the evidence in regard to this finding.

■ In determining whether there is sufficient evidence to sustain a finding, an appellate court will not reweigh the evidence, but will look only to the evidence most favorable to the judgment together with the reasonable inferences to be drawn therefrom. *Endsley v. Game–Show Placements, Ltd.* (1980), Ind.App., 401 N.E.2d 768.

■ The evidence discloses that Don Hoffman initiated the transactions with both Goodyear and Budget through a telephone call. Hoffman indicated that Quadri was insured and authorized the billing of the Hoffman Agency. Hoffman also gave both Goodyear and Budget a claim number to use in their records. Quadri merely went to Goodyear and Budget to obtain the benefits as negotiated by Hoffman. Although Quadri's signature appears on the Budget rental agreement and the Goodyear invoice, both documents indicate that Don Hoffman authorized the transaction. Based on this evidence it cannot be said that the trial court erred in determining that credit was extended solely to the Hoffman Agency. Don Hoffman's oral promises are not within the Statute of Frauds.[2]

The Hoffman Agency contends that either Quadri misled Don Hoffman in obtaining the binders or Don Hoffman was acting outside the scope of his actual or implied authority in issuing the binders. In as much as the Hoffman Agency's liability is not predicated on the existence of an insurance policy, this issue is irrelevant. What is important, however, is the issue of Don Hoffman's apparent authority.

Apparent authority has been defined as: "that authority which a third person reasonably believes the agent to possess because of some manifestation from his principal. *Soft Water Utilities, Inc. v. LeFevre* (1974), Ind.App., 308 N.E.2d 395; *Storm v. Marsischke* (1973), Ind.App., 304 N.E.2d 840. These manifestations which the principal is required to make to the third person need not be in the form of

direct communications, but rather the placing of the agent in a position to perform acts or make representations which appear reasonable to a third person is a sufficient manifestation to endow the agent with apparent authority." *Burger Man, Inc. v. Jordan Paper Products, Inc.* (1976), Ind.App., 352 N.E.2d 821, at 832.

■ Dave Shondel, a Goodyear salesman, testified that the involved transaction was not unusual and that he personally had been a part of similar transactions in the past. James F. Meyers, president and general manager of Budget, testified that he had dealt with Don Hoffman in similar transactions prior to this incident without any difficulties. Based on this evidence it is clear that Goodyear and Budget could have a reasonable belief that Hoffman was acting within the scope of his employment. The Hoffman Agency is therefore bound by the acts of its agent, Don Hoffman. *Stuteville v. Downing* (1979), Ind.App., 391 N.E.2d 629.

■ The Hoffman Agency argues finally that the damages awarded are excessive in that credit should be given to the Hoffman Agency for $143, the amount of the premium that Quadri should have paid for the insurance. The Hoffman Agency also claims that it should be given credit for $50 which would have been deductible under the policy. Additionally the Hoffman Agency contends that Budget should not be allowed to recover more than $300. Three hundred dollars is the usual limit an insurance company will pay for a rental car in situations such as this.

As stated previously, the Hoffman Agency's liability is not predicated on the existence of an insurance contract. Liability is based on an oral contract entered into by Don Hoffman. Budget inquired as to whether the Hoffman Agency would make payments above $300 for the rental car. Don Hoffman assured Budget that payment would be made. The Hoffman Agency is bound by these promises.

2. The evidence shows the value of the tires to be $315.96. Because the value is less than $500, this transaction is not within the Uniform Commercial Code Statute of Frauds provision. See IC 1971, 26–1–2–201 (Burns Code Ed.).

Finally, the Hoffman Agency alleges that Budget received a windfall in that the damage award includes the pickup costs for one of Budget's cars that had been left in Chicago along with the pickup costs of Quadri's car. The testimony of James Meyers indicates, however, that he believed that it was more economical for two people to travel to Edgerton, Wisconsin to pick up the car than it would have been for one person to make the necessary travel and lodging arrangements. In light of this testimony it is difficult to discern how the Hoffman Agency was prejudiced. The fact that Budget took advantage of the opportunity to pick up another car hardly constitutes a windfall.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.