512 N.E.2d 1133 (1987)
Charles F. BROUGHTON, D.M.D., P.C., Plaintiff-Appellant,
v.
Sylvester RIEHLE, Defendant-Appellee.
No. 69A01-8701-CV-00020.
Court of Appeals of Indiana, First District.
September 22, 1987.
*1134 Terrance W. Richmond, Milan, for plaintiff-appellant.
Henry A. Pictor, Batesville, for defendant-appellee.
NEAL, Judge.

STATEMENT OF THE CASE
Plaintiff-appellant, Charles F. Broughton (Broughton), appeals a judgment from the Ripley Circuit Court in favor of defendant-appellee, Sylvester Riehle (Riehle), on a complaint seeking the balance due for services rendered to Riehle.
We reverse.

STATEMENT OF THE FACTS
On April 10, 1985, Broughton filed a complaint against Riehle in the Batesville City Court seeking $400.00, the balance due for orthodontic services rendered in treating Riehle's daughter, Tammy. The trial court rendered judgment in favor of Broughton in the amount of $200.00, plus $15.00 court costs. Broughton subsequently appealed the judgment of the City Court and moved for a trial de novo pursuant to IND. CODE 33-11.6-4-14, on the ground that the judgment was in an insufficient amount as based upon the evidence. Trial to the court commenced on September 23, 1986. The following facts are undisputed.
Broughton has been a licensed and practicing orthodontist since 1976. During 1980 Riehle contacted Broughton regarding the possibility of obtaining orthodontic treatment for his daughter, Tammy. During an initial consultation visit, Broughton explained to the Riehles that the orthodontic process consisted of both active and *1135 follow-up treatment periods. Active treatment entails the application, adjustment, and removal of orthodontic appliances (braces), used to move teeth to a desired position. Follow-up treatment involves the use of appliances, called retainers, to maintain teeth in the new position. In June of 1980, after preliminary consultation and examination, the parties agreed upon a fee of $1,690.00 for the orthodontic services to be performed. Tammy was 15 years old when treatment began, and x-rays did not disclose the presence of wisdom teeth.
Broughton testified that it is not always possible to tell how teeth will respond to treatment or the length of time it will take to straighten them. Accordingly, he told Riehle that he estimated active treatment would be completed in 24 months. In fact, active treatment lasted 41 months and was completed in December of 1983, at which time the braces were removed. Upon graduating from high school in May of 1983, Tammy enrolled at Ball State University in Muncie, Indiana. Broughton continued to treat Tammy while she was a freshman in college. He scheduled her appointments during normal working hours, which did not include Saturdays. This necessitated that Tammy miss a few classes. Tammy continued treatment until she terminated it in August of 1984. At this time she was engaged in follow-up care with Broughton, and the only treatment yet to be performed was the removal of her lower retainer. Broughton offered to do so, but Tammy chose not to have it removed. Broughton never charged more than his original fee for the extra time it took to treat Tammy's teeth. During the course of treatment, Riehle made periodic payments for Broughton's orthodontic services, and by December of 1983 the fee had been paid except for a balance of $400.00
Ruth Riehle, Tammy's mother, testified on behalf of the defendant. On direct-examination she admitted that the parties had agreed upon a fee of $1,690.00 for Broughton's services. In her testimony Ruth also admitted that Broughton's 24-month estimate was "approximate." She testified further that Broughton had explained that the emergence of wisdom teeth might alter the length of treatment and would necessitate their removal. Unanticipated, Tammy's wisdom teeth emerged while she was in high school, and they were removed upon Broughton's recommendation. Ruth also testified that there were problems in scheduling adjustments for Tammy while she was in high school because Broughton's office was located in Batesville. She was aware of the office's location, however, when treatment began. While Tammy attended Ball State the scheduling problems persisted. She returned home once every two months, and it was not feasible to travel to Muncie and pick her up. Ruth admitted that at the time treatment was discontinued, everything had been completed except for the removal of Tammy's lower retainer. Ruth conceded that she owed Broughton $400.00 for his services at that time.
Without explanation or specification, Riehle, however, asserted that the job was not done. She conceded that Tammy's teeth had been straightened "to a point," but emphasized that Broughton had not completed the treatment within his 24-month estimate. She expected a more accurate estimate. Riehle, however, did not present any expert medical testimony indicating that the treatment had not been properly done or that the extra time taken to complete treatment was due to the fault or negligence of Broughton. Beyond the fact that she was annoyed that active treatment lasted 41 months instead of 24, Riehle presented no evidence that the delay had caused any damages. The trial court entered a general judgment in favor of Riehle. Broughton has subsequently instituted this appeal.

ISSUES
Broughton has raised one issue for our review and that is:
Whether the trial court's judgment in favor of Riehle was contrary to law and the evidence.

DISCUSSION AND DECISION
Broughton is appealing a negative judgment. A negative judgment may *1136 be challenged on appeal only as being contrary to law. Sherk v. Indiana Waste Systems, Inc. (1986), Ind. App., 495 N.E.2d 815. A decision is contrary to law where the evidence is without conflict and all reasonable inferences to be drawn therefrom lead to but one conclusion and the trial court has reached a different one. Bays v. Bays (1986), Ind. App., 489 N.E.2d 555. In making such a determination we will neither reweigh the evidence nor judge the credibility of the witnesses. Maddox v. Wright (1986), Ind. App., 489 N.E.2d 133. Where a party bearing the burden of proof receives a negative judgment, we will not disturb it if there is any evidence or reasonable inferences arising therefrom which support the judgment. Brand v. Monumental Life Ins. Co. (1981), 275 Ind. 308, 417 N.E.2d 297. It is the function of the trier of fact to resolve any conflicts in the evidence. Id. We will affirm the trial court's judgment if it is sustainable on any legal theory. Garlinger v. Garlinger (1986), Ind. App., 501 N.E.2d 1138.
It is clear from Riehle's admissions that there existed a contract for orthodontic services for a fixed amount with Broughton, that it had been substantially completed, and that $400.00 remained unpaid on it. Riehle asserts, however, that he is justified in refusing to pay the $400.00 balance because Broughton failed to complete treatment within his 24-month estimate. The briefs of neither party present any legal theory addressing the resolution of this case.
Where a party partially performs a contract, he is entitled to recover the value of the benefits accepted by the other party. Dove v. Rose Acre Farms, Inc. (1982), Ind. App., 434 N.E.2d 931. In order to ascertain the benefits conferred by the part performance, the amount necessary to complete the work must be deducted from the original contract price agreed upon by the parties. Johnson v. Taylor Bldg. Corp. (1978), 171 Ind. App. 674, 371 N.E.2d 404. In the absence of an agreement as to the amount to be paid for a physician's services, the physician may recover the reasonable value therefor. Johnson v. Jones (1916), 62 Ind. App. 4, 112 N.E. 830. In the case at bar, Riehle did not claim that anything was left to be done or that he had to expend any additional money to complete it. The burden was upon Riehle to show that the contract was not completed and the reasonable amount or value of the uncompleted part by expert witnesses, that is, persons in the field, namely orthodontists. 70 C.J.S. Physicians & Surgeons § 77 at 1042 (1951). Establishing the value of dental services is no different than determining the value of professional services in any profession. Only persons who have knowledge about the value of a service are competent to give an opinion as to the value of that service. Walker v. Statzer (1972), 152 Ind. App. 544, 284 N.E.2d 127; see also McNiel v. Davidson (1871), 37 Ind. 336, (non-expert witness not allowed to testify as to the value of an attorney's services). Riehle was required to present expert evidence in this regard and he did not.
Additionally, Riehle failed to present any evidence of damages occasioned by the 17-month delay. Specifically, he asserts that Broughton failed to accommodate his daughter's college schedule. The evidence was silent, however, with respect to how many extra miles they drove, or whether Tammy's grades declined. In any event, Broughton was not required to set appointments for Tammy at times other than normal working hours. Broughton may not be held responsible for Tammy's decision to attend a distant university and the resulting increased inconvenience. Furthermore, assuming that Broughton promised to complete treatment within 24 months, Riehle continued to receive his services until the contract was complete, without complaint. Any time limitation was modified by the conduct of the parties or was waived. See Skweres v. Diamond Craft Co. (filed August 27, 1987), Ind. App. No. 07A01-8611-CV-307; Rembold Motors, Inc. v. Bonfield (1973), 155 Ind. App. 422, 293 N.E.2d 210.
In essence, Riehle's complaint here is Broughton's delay in completing the treatment. Although not articulated, Riehle seems to argue that Broughton was, in some unspecified way, at fault because *1137 Tammy's teeth did not respond quickly to the braces. Whether Riehle is entitled to recover under such a theory is a matter of medical malpractice. If the trial court's theory in denying the claim was that the delay was caused by the fault or negligence of Broughton, this too must fail. A physician is not an insurer and does not bind himself to make a correct diagnosis and effect a cure at the risk of responding in damages. He is bound only to reasonable and ordinary skill and administering reasonable and ordinary care. A physician is excused from liability, if, possessing reasonable skill, he has used ordinary care in conducting an examination and has reached the mistaken conclusion and result by the use of such skill and care. Mere proof that a diagnosis is wrong or that a cure was not effected will not support a verdict for damages. This rule applies to orthodontists as well as physicians. In an action for malpractice, whether the defendant used suitable professional skill must generally be proven by expert testimony, that is, other physicians, surgeons, or orthodontists, as the case may be. Dahlberg v. Ogle (1978), 268 Ind. 30, 373 N.E.2d 159; Worster v. Caylor (1953), 231 Ind. 625, 110 N.E.2d 337; Edwards v. Uland (1923), 193 Ind. 376, 140 N.E. 546; Dolezal v. Goode (1982), Ind. App., 433 N.E.2d 828; Stanley v. Fisher (1981), Ind. App., 417 N.E.2d 932; Bassett v. Glock (1977), 174 Ind. App. 439, 368 N.E.2d 18; Robinson v. Ferguson (1939), 107 Ind. App. 107, 22 N.E.2d 901; Adkins v. Ropp (1938), 105 Ind. App. 331, 14 N.E.2d 727; Welch v. Page (1926), 85 Ind. App. 301, 154 N.E. 24; Adolay v. Miller (1915), 60 Ind. App. 656, 111 N.E. 313; Longfellow v. Vernon (1914), 57 Ind. App. 611, 105 N.E. 178. In Carpenter v. Campbell (1971), 149 Ind. App. 189, 194, 271 N.E.2d 163, 166, the court said:
Medicine is an inexact science and serious complications, even death, arising from the practice thereof should not in most situations be properly chargeable to a physician without proof of some negligent act. To hold otherwise would require physicians to insure rapid and proper recovery by their patients from any and all surgical and postoperative treatment.
Here, Riehle's sole discernible complaint is the delay, for which he seeks to penalize Broughton by withholding $400.00 of his fee. Fault for Broughton's delay must be proven by professional testimony. Many reasons may exist as to why Tammy's teeth did not respond quickly. Nevertheless, the services were rendered eventually and, so far as the record discloses, satisfactorily. The burden was upon Riehle to show by way of competent professional testimony that the delay and resulting inconvenience was Broughton's fault and caused $400.00 in damages. He did not.
We hold, therefore, that the trial court erred in failing to render judgment for $400.00 in Broughton's favor. The judgment of the trial court is vacated, and the court is ordered to enter judgment for Broughton in the amount of $400.00.
Judgment reversed.
RATLIFF, C.J., concurs with opinion.
ROBERTSON, J., concurs.
RATLIFF, Chief Judge, concurring.
The only issue in this case is whether the fact forty-one months was required to complete the orthodontia contracted for rather than the estimated twenty-four months constituted a breach of contract on Broughton's part justifying Riehle's refusal to pay the final $400.00. It did not. Time was not of the essence of the contract and there was neither an express promise nor a guarantee that the services would be completed within twenty-four months.
Riehle makes no claim that the services were defective and no counterclaim for malpractice was filed. Therefore, the discussion in the majority opinion concerning medical or dental malpractice and the elements thereof is irrelevant.
Further, the statement on page 1136, that Riehle produced no evidence that Tammy's grades declined is a gratuitous statement unnecessary to our determination of this appeal. Whether or not such a happening *1138 would constitute an element of damages in some other action is a question not before us and one upon which we should not comment.
With the foregoing reservations, I concur.