Josephine WALKER, Appellant,

v.

Matthew J. ELKIN, Appellee.

No. 34A05–0104–CV–143.

Court of Appeals of Indiana.

Nov. 26, 2001.

Kristin E. Erato, Kokomo, IN, Attorney for Appellant.

Matthew J. Elkin, Kokomo, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Attorney Matthew Elkin sued Josephine Walker in small claims court to recover the fees he incurred while representing Russell McCoy, Walker's son. Following a bench trial, the trial court entered judgment for Elkin in the amount of $2,592.25 in attorney's fees plus court costs. Walker appeals that judgment and presents two issues for our review, which we restate as:

1. Whether there was sufficient evidence to establish that Elkin and Walker entered into an oral contract for services.

2. Whether the parties' oral contract was barred by the Statute of Frauds.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In the Spring of 1997, McCoy was arrested and charged with battery, and he

was held without bond. While McCoy was incarcerated, Walker contacted Elkin, asked him to represent her son, and paid him a retainer fee of $1,300. Elkin accepted the money, orally agreed to represent McCoy, and issued her a hand written receipt for the retainer.

Following the conclusion of McCoy's trial, Elkin sent several bills addressed to Walker and McCoy at Walker's P.O. Box number, because McCoy and his wife were then living with Walker. Elkin, however, was unsuccessful in securing the balance due for his services. Eventually, he filed suit against McCoy to recover $2,592.25 in fees, but he was unable to obtain service on him. Then, in October 2000, Elkin filed the instant action against Walker seeking to recover those same fees. After a bench trial, during which both parties testified, the trial court entered judgment for Elkin and awarded him $2,592.25 in attorney's fees plus court costs. This appeal followed.

## DISCUSSION AND DECISION

### Standard of Review

■ Initially, we note that the trial court entered specific findings and conclusions sua sponte. As a result, the specific findings control only as to the issues they cover, and a general judgment standard controls as to the issues upon which the court has not made findings. *Jack Eiser Sales Co., Inc. v. Wilson,* 752 N.E.2d 225, 227 (Ind.Ct.App.2001). This court will not set aside a judgment unless it is clearly erroneous. *Reed Sign Serv., Inc. v. Reid,* 755 N.E.2d 690, 694–95 (Ind.Ct.App.2001). A judgment is clearly erroneous only if a review of the record leaves the court with a firm conviction that a mistake has been made. *Id.* In reviewing the findings and judgment entered by the trial court, we consider only the evidence favorable to the judgment and all reasonable inferences

flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *E & L Rental Equip., Inc. v. Wade Const., Inc.,* 752 N.E.2d 655, 658 (Ind.Ct.App. 2001).

### Oral Services Contract

Walker contends that the trial court erred when it entered judgment for Elkin. Specifically, Walker maintains that the evidence presented during trial was insufficient to demonstrate that she entered into an oral contract with Elkin to represent McCoy. We cannot agree.

■ Here, the trial court found specifically that "[Walker] and her son entered into a joint obligation to pay [Elkin's] attorney's fees ... [and that] there was a valid oral contract entered into between [Walker] and [Elkin] for the payment of the attorney's fees." Appellant's App. at 4. Elkin testified that Walker asked him to represent McCoy. Elkin told Walker that his fee was $125 per hour and that he would bill her for any fees incurred beyond the retainer. Walker agreed and paid Elkin a retainer of $1,300. Elkin accepted the money, issued Walker a receipt, and represented McCoy through the conclusion of his battery trial. Walker's payment to Elkin, coupled with Elkin's acceptance of the money and representation of McCoy constitutes the formation of a valid contract. *See Homer,* 743 N.E.2d at 1146 (paying $2,650 to electric contractor to rewire home, followed by the contractor's acceptance of that money and beginning work constituted an offer, acceptance, consideration, and a manifestation of mutual assent resulting in contract formation).

Additionally, Walker's arguments are based solely on the evidence contrary to the trial court's judgment, including the fact that she did not intend to contract with Elkin for the payment of fees, her

check register during that time showed that she had insufficient funds to pay Elkin $1,300, and Elkin first tried to sue McCoy for the fees, and only sued Walker after he was unable to serve McCoy. In this regard, Walker invites us to reweigh the evidence and assess the credibility of witnesses, tasks not within our prerogative on appeal. There was sufficient evidence to support the judgment.

## Statute of Frauds

Walker next contends that the trial court erred when it found that Walker's contract with Elkin did not violate the statute of frauds. Specifically, Walker asserts that her oral contract with Elkin was a promise to answer for the debt of another and is, therefore, unenforceable because such contracts must be in writing. *See* Ind.Code § 32–2–1–1. Again, we cannot agree.

▇▇▇▇ Indiana's statute of frauds provides, in relevant part, that "[n]o action shall be brought ... [t]o charge any person, upon any special promise, to answer for the debt, default or miscarriage of another ... [u]nless the promise, contract or agreement ' ... shall be in writing." I.C. 32–2–1–1. A contract to pay the debt of another is a collateral contract that must comport with the statute of frauds. *See Downey v. Hinchman,* 25 Ind. 453, 453 (1865). An original promise, however, need not be in writing. *Board of Comm'rs of County of Gibson v. Cincinnati Steam–Heating Co.,* 128 Ind. 240, 27 N.E. 612, 614 (1891). Here, we must decide whether Walker's promise to pay Elkin was original or collateral to McCoy's obligation to pay.

▇▇▇▇ As a general matter, the statute of frauds makes unenforceable oral contracts to pay the debts of a third person. *Quadri v. Goodyear Serv. Stores,* 412 N.E.2d 315, 317 (Ind.Ct.App.1980). It does not, however, affect the enforceability of such contracts between two parties for the benefit of a third party. *Id.* Thus, the statute of frauds does not apply to original promises to pay for services rendered to a third person. *Id.* Moreover, the statute does not apply to promises in respect to debts created at the instance and for the benefit of the promisor. *New Amsterdam Casualty Co. v. Madison County Trust Co.,* 81 Ind.App. 157, 142 N.E. 727, 729 (1924). As the *Madison* court explained:

> Whenever the main purpose and object of the promisor is not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself or damage to the other contracting party, his promise is not within the statute, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing that liability.

*Id.* (citation omitted).

Here, Walker not only provided consideration in the form of the $1,300 retainer to Elkin, but she also gained a personal benefit in the form of Elkin's promise to act as her son's attorney. In addition, the trial court specifically found that Walker and McCoy entered into a "joint obligation to pay" Elkin's attorney's fees. Appellant's App. at 4. Because it was a joint agreement, Walker's contract with Elkin was to pay or answer for, not the debt of McCoy, but Walker's own debt. *See Windell v. Hudson,* 102 Ind. 521, 2 N.E. 303, 304 (1885) (holding contract was original promise where life tenant promised to pay B's litigation costs incurred from defending lawsuit filed by C, the owner of the property). Accordingly, we conclude that Walker's oral promise to pay McCoy's attorney fees was an original promise and not governed by the statute of frauds.

## Conclusion

Elkin presented sufficient evidence from which the trial court could have concluded that Walker and Elkin entered into an oral contract for the payment of McCoy's attorney's fees. Because the oral contract was not collateral, but represented Walker's original promise to pay Elkin, it did not violate the statute of frauds. The trial court did not err when it upheld the contract and entered judgment against Elkin.

Affirmed.

SHARPNACK, C.J., and RILEY, J., concur.