## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 14 2020, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Oni N. Harton
Barnes & Thornburg LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sharp's Automotive, Inc., <br> *Appellant-Defendant,* <br><br> v. <br><br> Auston Prizevoits, <br> *Appellee-Plaintiff.* | October 14, 2020 <br><br> Court of Appeals Case No. 20A-SC-524 <br><br> Appeal from the Marion County Small Claims Court, Wayne Township Division <br><br> The Honorable Gerald B. Coleman, Judge <br><br> Trial Court Cause No. 49K08-2001-SC-24 |

**Baker, Senior Judge.**

## Statement of the Case

[1]     Sharp's Automotive, Inc. ("Sharp's Automotive") appeals from the decision of the small claims court in favor of Auston Prizevoits ("Prizevoits") in his action

against it for storage fees, court costs, and lost time. Sharp's Automotive contends that the trial court erred by: (1) entering judgment in favor of Prizevoits on the grounds there was no written contract for or advance notice of a storage fee assessed against Prizevoits; and (2) by including in the damage award an amount it determined would compensate Prizevoits for his "hassle." We affirm.

## Facts and Procedural History

Prizevoits, who lived in Bloomington, telephoned Sharp's Automotive, an Indianapolis-area business, for a free estimate to replace the engine in his car. An employee from Sharp's Automotive told Prizevoits that the cost would be approximately $8,000, but that they would have to inspect the vehicle in order to provide a more accurate estimate. So, on November 1, 2019, Prizevoits had his car towed to Sharp's Automotive.

Prizevoits stopped by Sharp's Automotive on November 4, 2019 and called on November 7 to ask if they had inspected his vehicle. They had not, and on November 11, 2019, Sharp's Automotive called Prizevoits to advise him that the estimate would be "around eighty-eight hundred dollars" for the work, which would be either a custom engine or a rebuild. Tr. Vol. II, p. 7.

On November 14, 2019, Prizevoits called Sharp's Automotive, stating that he was unsure if he would have the repairs done there. He called on November 18, 2019, to tell them that he was going to use a different mechanic and that he had arranged for a tow truck to pick up his vehicle that day. During that call,

he was informed for the first time that he owed $200 for storage costs. Later that same day within four minutes of closing time, he was first told that the storage fee would be $230, calculated at $30 per each day the vehicle was on the premises after the final estimate was provided,[1] and that he needed to pay the storage fee in cash or otherwise they would place a mechanic's lien on the vehicle and dispose of it to satisfy the lien. Prizevoits went to Sharp's Automotive the next day, November 19, 2019, and paid $230 to get his vehicle released and to mitigate his own damages.

[5] Prizevoits sued Sharp's Automotive in small claims court on January 9, 2020. He sought damages in the amount of $730; $230 for the storage fees, $102 in court costs or filing fees, and the remainder for "the hassle of driving back and forth from Bloomington[] [a]nd missing work." *Id.* at 10. Dustin Lloyd testified on behalf of Sharp's Automotive, and Prizevoits presented his claim. At the conclusion of the bench trial, the small claims court entered judgment in favor of Prizevoits in the amount of $432: $230 for the storage fees; $102 for the filing fee; and $100 for Prizevoits' time. Sharp's Automotive now appeals.

# Discussion and Decision

[6] Our supreme court has stated the following as respects small claims actions:

---

[1] Sharp's Automotive acknowledges, and we agree, that there is nothing in the record to explain why the total storage fee would not be a multiple of $30 based on the charge of $30 per day. *See* Appellant's Br. p. 5, n.1.

> Judgments in small claims actions are subject to review as prescribed by relevant Indiana rules and statutes. Ind. Small Claims Rule 11(A). Under Indiana Trial Rule 52(A), the clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility. This deferential standard of review is particularly important in small claims actions, where trials are informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law. *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995) (quoting S.C.R. 8(A)). But this deferential standard does not apply to the substantive rules of law, which are reviewed de novo just as they are in appeals from a court of general jurisdiction. *Lae v. Householder*, 789 N.E.2d 481, 483 (Ind. 2003) (internal quotation marks omitted).

*Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1067-68 (Ind. 2006). "A judgment is clearly erroneous only if a review of the record leaves the court with a firm conviction that a mistake has been made." *Walker v. Elkin*, 758 N.E.2d 972, 974 (Ind. Ct. App. 2001).

[7] We note at the outset that Prizevoits has not filed an appellee's brief. When an appellee fails to submit an appellate brief, "'we need not undertake the burden of developing an argument on the [A]ppellee's behalf.'" *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014) (quoting *Trinity Homes*, 848 N.E.2d at 1068). Rather, "'we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error.'" *Id.* "Prima facie error in this context is defined as, at first sight, on first appearance, or on the face of it." *Front Row Motors,* 5 N.E.3d at 758 (internal quotation marks and citation omitted).

[8] Sharp's Automotive presents two questions for our review and we address them in turn. First, Sharp's Automotive contends that the trial court erred by entering judgment in favor of Prizevoits on the mistaken premise that there was no written contract for a storage fee assessed against him. Stated differently, Sharp's Automotive asserts that the trial court erred by making the erroneous assumption that the Indiana Statute of Frauds[2] was applicable in this situation.

[9] The Indiana Statute of Frauds, in pertinent part, provides that "[n]o action shall be brought . . . [t]o charge any person, upon any special promise, to answer for the debt, default or miscarriage of another. . . [u]nless the promise, contract or agreement. . . shall be in writing." *See Walker*, 758 N.E.2d at 975 (quoting Ind. Code § 32-2-1-1 (repealed by P.L. 2-2002, SEC. 128); *but see*, Ind. Code § 32-21-1-1(b)(2) (2002).

[10] Assuming arguendo, that the Indiana Statute of Frauds is inapplicable, a "contract is established by evidence of an offer, acceptance, consideration, and a manifestation of a mutual assent." *Troutwine Estates Dev. Col, LLC v. Comsub Design and Eng'g, Inc.*, 854 N.E.2d 890, 897 (Ind. Ct. App. 2006), *trans. denied*. As stated in *Ind. Dep't of Corr. v. Swanson Servs. Corp.*, 829 N.E.2d 733, 737 (Ind. Ct. App. 2005), *trans. denied*:

> To bring a contract into existence, an offer must be extended and the offeree must accept it, the communication of acceptance being crucial. Thus, a meeting of the minds between the

---

[2] Ind. Code Chapter 32-21-1 (2002).

contracting parties is essential to the formation of a contract. This meeting of the minds must extend to all essential elements or terms for a contract to be binding. Likewise, for an oral contract to exist, parties have to agree to all terms of the contract. If a party cannot demonstrate agreement on one essential term of the contract, then there is no mutual assent and no contract is formed. Without an express contract, written or oral, a party may recover under the theory of unjust enrichment, or quantum meruit. (internal citations and quotations omitted).

[11] The trial court correctly observed that there was no meeting of the minds regarding the storage fees. The record reflects that once Lloyd learned that Prizevoits did not wish to have the work done at his shop, he told Prizevoits that he owed the storage fees that were to be paid in cash. Lloyd testified that there were signs posted on the property, but Prizevoits testified that he was unaware of the signage and was unaware of the fees until Lloyd communicated such.

[12] Here, the record supports the trial court's judgment that there was no meeting of the minds as respects the storage fee imposed by Sharp's Automotive and ultimately paid for by Prizevoits. Indeed, the record reflects that Prizevoits' payment was more pragmatic than contractually obligatory as it was the sole means of recovering possession of his vehicle. Thus, there was no evidence of a written contract regarding the storage fees, nor was there a meeting of the minds such that an oral contract existed. The trial court did not err.

[13] Next, Sharp's Automotive contends that the trial court arrived at an improper calculation of damages, specifically targeting the trial court's award of $100 in

damages for "the hassle of driving back and forth from Bloomington[] [a]nd missing work." Tr. Vol. II, p. 10.

[14] "A damage award will not be reversed if it falls within the bounds of the evidence." *Sims v. Pappas*, 73 N.E.3d 700, 709 (Ind. 2017) (quoting *Raess v. Doescher*, 883 N.E.2d 790, 795 (Ind. 2008)). Stated differently, we will not reverse so long as the damages award is within the scope of the evidence. *Manzo v. Estep*, 689 N.E.2d 474 (Ind. Ct. App. 1997). "We look only to the evidence and inferences therefrom which support [the factfinder's decision], and will affirm it if there is any evidence in the record which supports the amount of the award, even if it is variable or conflicting." *Sims*, 73 N.E.3d at 709 (quoting *Raess*, 883 N.E.2d at 795). We will find an excessive judgment only if the amount cannot be based on anything other than prejudice, passion, partiality, corruption, or some other element of improper consideration. *Id*. (citing *Parke State Bank v. Akers*, 659 N.E.2d 1031, 1035 (Ind. 1995)).

[15] The record reflects that Prizevoits sought damages in the amount of $730: $230 for the storage fees; $102 in court costs or filing fees; and the remainder for his time off of work and for the extra trips back and forth between Bloomington and Indianapolis to resolve the matter. Sharp's Automotive offered no evidence to contradict the amount sought by Prizevoits. Instead of awarding the requested $398, the trial court only awarded $100, which falls squarely within the range of the evidence and common knowledge. We thus conclude that the trial court's award was appropriate.

# Conclusion

[16] For the foregoing reasons, we affirm the decision of the small claims court.

[17] Affirmed.


Kirsch, J., and Tavitas, J., concur.